UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)    No. 03 CR 978
v. )
)    Judge Amy J. St. Eve
)
MOUSA MOHAMMED ABU MARZOOK, )
  a/k/a "Abu Omar," )
  a/k/a "Tareq," )
  a/k/a "Abu Rizq," )
MUHAMMAD HAMID KHALIL SALAH, )
  a/k/a "Muhammad Abd Al-'Hamid Salah," )
  a/k/a "Abu Ahmad," and )
ABDELHALEEM HASAN ABDELRAZIQ ASHQAR, )
  a/k/a "Abu Hasan," )
  a/k/a "Abu Ali Hasan," )
  a/k/a "Samir" )

**DOCKETED**
NOV 1 5 2004

**FILED**
OCT 2 9 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO:    Mark L. Rotert                        Thomas A. Durkin
        William P. Ziegelmueller           Janis D. Roberts
        11 South LaSalle Street             53 West Jackson Boulevard
        Suite 1200                          Suite 615
        Chicago, Illinois 60603             Chicago, Illinois 60604

        PLEASE TAKE NOTICE that on Wednesday, November 10, 2004 at 9:00 a.m. or as soon thereafter as counsel may be heard, I will appear before Judge St. Eve in the courtroom usually occupied by her in the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, or before such other judge who may be sitting in her place and stead, and then and there present **GOVERNMENT'S MOTION FOR ENTRY OF PROTECTIVE ORDER** in the above-captioned case, at which time and place you may appear if you see fit.

                            Respectfully submitted,

                            PATRICK J. FITZGERALD
                            United States Attorney

    By:    _____
                        REID J. SCHAR
                        Assistant United States Attorney
                        219 South Dearborn Street
                        Chicago, Illinois 60604
                        (312) 353-8897

STATE OF ILLINOIS      )
                       ) SS
COUNTY OF COOK         )


### AFFIDAVIT OF MAILING

Joann S. Danczak being first duly sworn on oath deposes and says that she is employed in the Office of the United States Attorney for the Northern District of Illinois, and on the 29th day of October, 2004 she caused a copy of **GOVERNMENT'S MOTION FOR ENTRY OF PROTECTIVE ORDER** to be mailed to the above individuals.

SUBSCRIBED AND SWORN TO BEFORE ME
this 29th day of October, 2004

NOTARY PUBLIC

"OFFICIAL SEAL"
Lenora E. Nape
Notary Public State of Illinois
My Commission Exp. 11/19/2005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 03 CR 978 |
| v. | ) |
| | ) Judge Amy J. St. Eve |
| MOUSA MOHAMMED ABU MARZOOK, | ) |
| a/k/a "Abu Omar," | ) |
| a/k/a "Tareq," | ) |
| a/k/a "Abu Rizq," | ) |
| MUHAMMAD HAMID KHALIL SALAH, | ) |
| a/k/a "Muhammad Abd Al-'Hamid Salah," | ) |
| a/k/a "Abu Ahmad," and | ) |
| ABDELHALEEM HASAN ABDELRAZIQ ASHQAR, | ) |
| a/k/a "Abu Hasan," | ) |
| a/k/a "Abu Ali Hasan," | ) |
| a/k/a "Samir" | ) |

DOCKETED
NOV 1 5 2004

FILED
OCT 2 9 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### GOVERNMENT'S MOTION FOR ENTRY OF PROTECTIVE ORDER

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, respectfully moves this Court to enter the attached Protective Order as to all defendants in the above-captioned case. In support of its motion, the government states as follows:

1. Since the time of the return of the second superseding indictment in this case, 03 CR 978, the government has been providing discovery materials to the defendants. Although the parties never moved for the entry of a protective order, the parties have been operating in good faith in their adherence to the confidentiality of the materials provided.

2. The government intends to provide additional discovery materials to the defendants which materials require the formal entry of a protective order. The government asked the defendants' attorneys to consider the formal entry of a protective order. After considering an initial draft of the attached Protective Order, defendant Muhammad Hamid Khalil Salah ("Salah")

112

suggested various changes to the Protective Order. The government and defendant Salah made mutually agreeable changes and defendant Salah does not oppose an order entering the attached Protective Order.

3. Defendant Abdelhaleem Hasan Abdelraziq Ashqar was provided with a draft of the attached protective order, did not ask that any changes be made to the draft Protective Order, and does not agree to the entry of the attached Protective Order.

4. The government believes the attached Protective Order is necessary to protect the interests of the government while still permitting expeditious disclosure to the defense of declassified discovery materials. The government, both in the Northern District of Illinois and elsewhere, continues to pursue a number of investigations related to national security. Much of the material the government intends to disclose to the defendants, although recently declassified, is still highly sensitive and could impact the government's national security interests.

5. The attached Protective Order permits the government to quickly turn over the declassified materials while permitting the defendants to use the materials for the preparation of their defense, including allowing the materials to be immediately shared with: (1) the defendants and their spouses; (2) named members of the defense team (co-counsel, paralegals, and secretarial staff), with such named members being identified to the government prior to their review of the materials; and (3) investigators, translators and experts retained to assist in the preparation of the defense, who have been approved by a member of the Government operating behind a wall who will not share the names with the prosecution team, which approval shall not unreasonably be withheld. Because of the restrictions on the dissemination of the discovery materials, the government's interests are also met by the proposed Protective Order.

6. The government believes the attached Protective Order meets the needs of all parties

in the instant case, is practical given the large volumes of discovery and interest in providing the

discovery to the defense as quickly as possible, and will be manageable as the case progresses.

WHEREFORE, the government requests that the Court enter the attached Protective Order.


Respectfully submitted,


PATRICK J. FITZGERALD
United States Attorney

By:    JOSEPH FERGUSON
        REID SCHAR
        JULIET SORENSEN
        Assistant United States Attorneys
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois  60604
        (312) 353-5300

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
) No. 03 CR 978
v. )
)
) Judge Amy J. St. Eve
MOUSA MOHAMMED ABU MARZOOK, )
  a/k/a "Abu Omar," )
  a/k/a "Tareq," )
  a/k/a "Abu Rizq," )
MUHAMMAD HAMID KHALIL SALAH, )
  a/k/a "Muhammad Abd Al-'Hamid Salah," )
  a/k/a "Abu Ahmad," and )
ABDELHALEEM HASAN ABDELRAZIQ ASHQAR, )
  a/k/a "Abu Hasan," )
  a/k/a "Abu Ali Hasan," )
  a/k/a "Samir" )

## PROTECTIVE ORDER

WHEREAS the defendants have rights under the United States Constitution, federal statutes and the Federal Rules of Criminal Procedure to pre-trial discovery;

WHEREAS defendants' preparation of their defenses will be facilitated by the most expeditious production of discovery materials;

WHEREAS the Government recognizes its obligation to provide such discovery materials to defendants in the most expeditious manner possible, consistent with public safety and the confidentiality of sensitive ongoing investigations;

WHEREAS the Government has continuing investigations regarding national security;

WHEREAS production of discovery materials, which in this case involves, among other items, paper, electronic, and graphic materials of a sensitive nature, would be substantially delayed if the Government were compelled to seek a protective order modifying, withholding or delaying production of each particular item of discovery material, as the Government would be required to

do absent a generally applicable protective order restricting further dissemination of discovery materials by the defense;

IT IS HEREBY ORDERED that discovery materials may not be disseminated to any individuals, organizations or other entities, other than: (i) defendants Muhammad Hamid Khalil Salah and Abdelhaleem Hasan Abdelraziq Ashqar and their spouses; (ii) named members of the defense team (co-counsel, paralegals, and secretarial staff), with such named members being identified to the government prior to their review of the materials; and (iii) investigators, translators and experts retained to assist in the preparation of the defense, who have been approved by a member of the Government operating behind a wall who will not share the names with the prosecution team, which approval shall not unreasonably be withheld. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record.

If defense counsel wishes to show any document provided during discovery to a witness or potential witness, they shall first ask the Government to agree to permit the distribution of the document to the witness or potential witness as an exception to this protective order. In the event that the Government declines to agree to the distribution of a document to a witness or potential witness, the defendants may seek relief from these provisions as to a particular item of discovery by making a motion for such relief to the Court upon notice to the Government, which notice shall identify the particular person(s) and item(s) at issue. The motion shall be made under seal. For good cause shown, such part of the application that identifies the person(s) to whom the materials are intended to be disseminated (and the reason) may be filed with the Court ex parte and under seal;

2

IT IS FURTHER ORDERED that all discovery materials are to be provided to the defense and used by the defense solely for the purpose of allowing the defendants to prepare their defenses and that none of the discovery materials produced by the Government to the defense shall be disseminated to, or discussed with, the media;

IT IS FURTHER ORDERED that nothing in this Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding;

IT IS FURTHER ORDERED that any papers to be served upon the Court by either party which either: (i) include copies of discovery materials, or (ii) refer to the contents of the discovery materials shall not be publicly filed (or otherwise disseminated) in the first instance. The party filing the papers shall either: (i) file such papers under seal with an application indicating which portion the submitting party believes ought to be filed under seal and which portions ought to be made public and shall indicate an intention to file a set of papers so redacted five business days after service of the unredacted papers upon the Court and counsel. That party shall not file the redacted set of papers if such party receives an application in opposition from one of the parties within those five (5) business days and shall instead await a ruling of the Court, or (ii) await two full business days from hand service upon the Court's Chambers and the other parties (or five full business days following service by mail) before publicly filing (or otherwise disseminating) the papers, in order to allow the other parties the opportunity to apply for a protective order (or to apply for the sealing of such papers in whole or in part) if deemed necessary. In either event, if the party submitting the papers wishes to file the papers publicly after waiting the appropriate number of business days, that party shall speak to the opposing parties prior to filing the papers publicly to make certain that the absence of objection has not resulted from the unavailability of counsel or other law office failure;

3

IT IS FURTHER ORDERED that any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph shall either (i) be filed under seal with an application indicating which portions the submitting party believes ought to be filed under seal and which portions ought to be made public and shall indicate an intention to file a set of papers so redacted five business days after service of the unredacted papers upon the Court and counsel and that party shall not file the redacted set of papers if such party receives an application in opposition from one of the parties within those five (5) business days and shall instead await a ruling of the Court), or (ii) shall not be publicly filed (or otherwise disseminated) until two business days have elapsed from hand service upon the Court's Chambers and the other parties (or five full business days following service by mail), in order to allow the other parties the opportunity to apply for a protective order (or to apply for the sealing of such papers in whole or in part) if deemed necessary. In either event, if the party submitting the papers wishes to file the papers publicly after waiting the appropriate number of business days, that party shall speak to the opposing parties prior to filing the papers publicly to make certain that the absence of objection has not resulted from the unavailability of counsel or other law office failure;

IT IS FURTHER ORDERED that to the extent FISA-derived electronic materials are provided to the defense, the parties agree that both the defense and the government shall have access to the full contents of the electronic materials regardless of prior minimization efforts undertaken by the government upon initial review of the materials;

IT IS FURTHER ORDERED that to the extent the government provides the defense with draft transcripts of translated electronic and paper materials, such draft transcripts shall not be used in any proceeding for any purpose, including cross-examination of any witness.

4

IT IS FURTHER ORDERED that nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material and specifically does not apply to classified materials which will be handled according to the provisions of the Classified Information Procedures Act, Title 18, United States Code, App. 3; and

IT IS FURTHER ORDERED that this Protective Order may be amended at any time by agreement of all of the parties and with the Court's approval. Any amendment must be in writing and expressly state that it is an amendment to this Protective Order and be signed by all parties to be valid. If any party wishes to amend the Protective Order and an agreement cannot be reached by all parties, then the party may raise the issue by motion to the Court, which may amend the Protective Order as it sees fit.

Entered this ___ day of November, 2004.


_____
HON. AMY J. ST. EVE
U.S. District Court

5