UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

SEP 1 4 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 03 CR 978 |
| | ) |
| | ) Hon. Amy St. Eve |
| MOUSA MOHAMMED ABU | ) |
| MARZOOK, et al. | ) |
| | ) |

## NOTICE OF FILING

TO:    Thomas Anthony Durkin                     Michael E. Deutsch
         Durkin & Roberts                           People's Law Office
         53 West Jackson Boulevard, Suite 615     1180 North Milwaukee Avenue
         Chicago, Illinois 60604                   Chicago, Illinois 60622

         Robert Bloom
         3355 Richmond
         Oakland, CA 94611

PLEASE TAKE NOTICE that on WEDNESDAY, SEPTEMBER 14, 2005 the undersigned filed with the Clerk of this Court GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT ASHQAR'S MOTION FOR PRODUCTION OF GRAND JURY MINUTES, service of the notice is being made upon you.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:      _____
             JOSEPH M. FERGUSON
             Assistant United States Attorney
             219 South Dearborn Street
             Chicago, Illinois 60604
             (312) 353-1414

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | SS |
| COUNTY OF COOK | ) | |

Donna C. Isaac, being first duly sworn on oath, deposes and says that she is employed in the office of the United States Attorney for the Northern District of Illinois; that on the 14th day of SEPTEMBER, 2005 she caused a copy to be mailed to the above address on said date.

_____

SUBSCRIBED and SWORN TO before me
this 14th day of SEPTEMBER, 2005

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Dorothy Flores
Notary Public, State of Illinois
My Commission Exp. 12/26/2005

FILED

SEP 1 4 2005 NF

MICHAEL W. DOBBINS
CLERK; U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA      )
                              )      No. 03 CR 978
      v.                      )
                              )      Judge Amy St. Eve
MOUSA MOHAMMED ABU            )
MARZOOK, et al.               )

### GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT ASHQAR'S MOTION FOR PRODUCTION OF GRAND JURY MINUTES

The UNITED STATES of AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby files its Memorandum in Opposition to the Motion of Defendant Abdelhaleem Ashqar ("Ashqar") for Production of Grand Jury Minutes. Defendant Ashqar seeks production of "the *entire* minutes of proceedings before the grand jury," or, in the alternative production of them to this Court for *in camera* inspection. Mot. At 1 (emphasis added). Ashqar advances this extremely broad request solely on the purely speculative ground that the grand jury may have been improperly instructed "on the law and historical context of the conflict in the Middle East." *Id.* For the following reasons, Ashqar's motion should be denied.

### I.      Legal Standards

Rule 6(e)(2) of the Federal Rules of Criminal Procedure prohibits the disclosure of "matters occurring before the grand jury, except as otherwise provided for in these rules." This rule continues the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958). Without such a policy, "[g]rand jurors would not act with that independence required of an accusatory and inquisitional body . . . [and] testimony would be parsimonious. . . ." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). Accordingly, the general rule of grand jury secrecy "must not be broken

except where there is a compelling necessity." *Proctor & Gamble*, 356 U.S. at 682. Anyone seeking disclosure must show a "particularized need" for the materials sought sufficient to overcome the important ends served by the policy of grand jury secrecy. *Id.* at 683. *See also Lucas v. Turner*, 725 F.2d 1095, 1101 (7th Cir. 1984); *United States v. Finley*, 705 F. Supp. 1297, 1305 (N.D. Ill. 1988) (Rovner, J.). Such a showing is established through a demonstration that (1) the materials sought are needed to avoid a possible miscarriage of justice; (2) the need for disclosure is greater than the need for secrecy; and (3) the request is structured to cover only those materials that are absolutely necessary to avoid an injustice. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979).

The burden on the party seeking disclosure is a heavy one to overcome. *United States v. Lisinski*, 728 F.2d 887-893-94 (7th Cir. 1984); *Lucas*, 725 F.2d at 1101. In considering the effects of disclosure of grand jury proceedings the Court "must consider not only immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *United States v. Balogun*, 971 F. Supp. 1215, 1232 (quoting *Douglas Oil Co.*, 441 U.S. at 222). Furthermore, assessment of whether the moving party meets his heavy burden is conducted against a backdrop of a strong presumption of regularity of proceedings before the grand jury. *Lisinski*, 728 F.2d 887, 893-94 (7th Cir. 1984); *United States v. Flemmi*, 245 F.3d 24, 28 (1st Cir. 2001); *United States v. Leung*, 40 F.3d 577, 581 (2d Cir. 1994). Unsupported speculation is not enough to overcome the requirement of particularized need or the presumption of regularity. *United States v. Edelson*, 581 F.2d 1290, 1291 (7th Cir. 1978); *accord, United States v. Finley*, 705 F. Supp. 1297, 1305 (N.D. Ill. 1988). *See also United States v. Lisinski*, 728 F.2d 887, 893-94 (7th Cir. 1984) (speculation that insufficient evidence was presented to grand jury to sustain charge does not

2

overcome presumption of regularity or demonstrate "particularized need"); *United States v. English*, 501 F.2d 1254, 1257 (7th Cir. 1974) (desire to verify whether indictment based on hearsay or grand jury was presented sufficient evidence is not "particularized need" outweighing policy of grand jury secrecy). Instead, the movant must make specific allegations that improprieties occurred, supported by independent evidence, before disclosure may be considered. *Id.*; *United States v. Balogun*, 971 F. Supp. 1215, 1231-32 (N.D.Ill. 1997) The rigorous threshold requirement of establishing particularized need applies as equally to a criminal defendant seeking disclosure of matters occurring before the grand jury that investigated and indicted him as to anyone else. *Pittsburgh Plate Glass*, 360 U.S. at 400. If a showing of particularized need is established, the proper procedure is an *in camera* inspection of grand jury materials by the court. *Edelson*, 581 F.2d at 1291-92.

## II.    Argument

Ashqar has wholly failed to meet his heavy burden of showing particularized need for the grand jury minutes. Ashqar invokes and incorporates by reference his memorandum in support of his contemporaneously filed Motion to Dismiss Count One of the Second Superseding Indictment on the Grounds that it Violates His First Amendment Right to Freedom of Speech and Association and is Unconstitutionally Vague Under the Fifth Amendment. Mot. at 2. But in the present motion, even he reduces the manufactured constitutional moment dubiously presented in that pleading to the general musing that "a serious doubt *might* exist with respect to the grand jury's very decision to indict was not overly influenced by erroneous instructions on the law with respect to Dr. Ashqar's right to freedom of speech and association." Mot. at 2 (emphasis supplied). Such musings, even when draped in the mantle of the First Amendment, fall far short of the necessary particularized need showing and, for that reason, are not enough to overcome the strong public policy against disclosing

3

grand jury minutes.

Ashqar's various motions suggest an intention to attempt to defend against the charged RICO conspiracy in part through evidence suggesting the bifarious nature of the activities of Hamas and arguing that his activities were directed at what he might characterize as the organization's social or charitable pursuits. But even he concedes that the indictment returned by the grand jury specifically alleges the organization's superficially bifarious activities. *See* Ashqar Mem. in Support of Mot. to Dismiss Count One at 7 (acknowledging "token reference to Hamas's 'social welfare activities'"). *See also* Second Superseding Indictment Count One ¶ 1.B ("Hamas has pursued the objective of a Palestinian/Islamic state by fostering support among Palestinians through community building activities . . . [and] undertaken social welfare activities"); *Id.* Count One ¶ 1.E (Hamas has been comprised of various committees or bureaus, including . . . a social/charitable committee; *Id.* Count One ¶ 9 ("Hamas members actively raised money both in the United States and elsewhere in order to fund the activities of the enterprise, *including* the violent acts of the enterprise") (emphasis added); *Id.* Count One ¶ 12 ("Hamas members infiltrated various universities and other academic and social institutions in the West Bank and Gaza Strip in order to control the educational directives of the universities and institutions and use [them] for recruitment.") These allegations returned by the grand jury all but defeat Ashqar's otherwise broad, unsubstantiated claim that the grand jury was misdirected in the nature of the organization. Ashqar's real complaint is that the grand jury apparently took issue with his facilitation of the myriad companion illegal means by which Hamas, as a criminal enterprise, pursued its objectives. This is not a basis for production of grand jury minutes.

Ashqar's further general musing about the possibility that the government presented "a

4

misleading historical framework of the Middle East conflict" to the grand jury (Mot. at 2-3) is similarly unsupported and wholly speculative and does not change the fact that his request that either he or the Court review the grand jury minutes is nothing more than a fishing expedition. This actual objective, laid bare by the sweepingly broad nature of his request, which seeks the "*entire*" minutes of proceedings of the grand jury, is improper. *Balogun*, 971 F. Supp. at 1232 (requests for grand jury minutes "structured to cover all materials reflecting anything that occurred before the grand jury," denied because requests appear to be a general fishing expedition into the grand jury proceedings). *See also United States v. United States v. Horak*, 633 F.Supp. 190, 195 (N.D. Ill. 1986) ("broad generalized desires for access to grand jury materials . . . do not constitute 'particularized need'"), *aff'd in part and vacated in part on other grounds*, 833 F.2d 1235 (7th Cir. 1987). There is no basis whatsoever, let alone a colorable showing of particularized need, for release to or review of the grand jury minutes, by either Ashqar or this Court, and Ashqar's request should be denied in its entirety.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: _____

JOSEPH FERGUSON
REID SCHAR
JULIET SORENSEN
Assistant U.S. Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300

5