IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 03 CR 978 |
| | ) | Hon. Amy J. St. Eve |
| MUHAMMAD HAMID KHALIL SALAH, | ) | |
| a/k/a "Muhammad Abd Al-'Hamid Salah," | ) | |
| a/k/a "Abu Ahmad," and | ) | |
| ABDELHALEEM HASAN ABDELRAZIQ ASHQAR, | ) | |
| a/k/a "Abu Hasan," | ) | |
| a/k/a "Abu Ali Hasan," | ) | |
| a/k/a "Samir" | ) | |

## **GOVERNMENT'S SECOND AMENDED DRAFT JURY INSTRUCTIONS**

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:  s/ Joseph Ferguson
JOSEPH FERGUSON
REID SCHAR
CARRIE HAMILTON
Assistant United States Attorneys
219 South Dearborn
Chicago, Illinois  60604
(312) 353-1414

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, religion, or national ancestry.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Government Instruction No. 1

Seventh Circuit Committee (1999) 1.01

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that either certain facts are true or that a person would have given certain testimony.

Government Instruction No. 2

Seventh Circuit Committee (1999) 1.02 (modified)

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness' intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness' memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness' testimony in light of all the evidence in the case.

**[You should judge the defendant's testimony in the same way that you judge the testimony of any other witness.]**

Government Instruction No. 3

Seventh Circuit Committee (1999) 1.03

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

Government Instruction No. 4

Seventh Circuit Committee (1999) 1.04

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

Government Instruction No. 5

Seventh Circuit Committee (1999) 1.05

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Government Instruction No. 6

Seventh Circuit Committee (1999) 1.06

8

It is proper for an attorney to interview any witness in preparation for trial.

Government Instruction No. 7

Seventh Circuit Committee (1999) 1.07

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Government Instruction No. 8

Seventh Circuit Committee (1999) 1.09

The indictment in this case is the formal method of accusing the defendant of an offense and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

Defendant Muhammad Salah is charged with the offenses of racketeering conspiracy and obstruction of the due administration of justice. Defendant Abdelhaleem Ashqar is charged with the offenses of racketeering conspiracy, criminal contempt, and obstruction of the due administration of justice. The defendants have pleaded not guilty to the charges.

Government Instruction No. 9

Seventh Circuit Committee (1999) 2.01

The defendants are presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of each defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant are never required to prove their innocence or to produce any evidence at all.

Government Instruction No. 10

Seventh Circuit Committee (1999) 2.03

A defendant has an absolute right not to testify. The fact that a defendant did not testify should not be considered by you in any way in arriving at your verdict.

Government Instruction No.  11

Seventh Circuit Committee (1999) 3.01

You have received evidence of statements said to be made by defendant Muhammad Salah to interrogators of the Israeli Security Agency (also known as GSS and Shin Bet) [and an officer of the Israeli National Police]. You must decide whether the defendant did in fact make the statements. If you find that the defendant did make the statements, then you must decide what weight, if any, you feel the statements deserve. In making this decision, you should consider all matters in evidence having to do with the statements, including those concerning the defendant himself and the circumstances under which the statements were made.

You may not consider any of these statements as evidence in arriving at your verdict as to defendant Abdelhaleem Ashqar.

Government Instruction No. 12

Seventh Circuit Committee (1999) 3.02

This case involves certain classified information. Classified information is information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure. In lieu of disclosing specific classified information, you heard certain admissions for the classified information during this trial. These substitutions are admissions of relevant facts by the United States for purposes of this trial. The witnesses in this case as well as attorneys were prohibited from disclosing classified information and, in the case of the attorneys, were prohibited from asking questions to any witness which if answered would disclose classified information. Defendants could not cross examine a particular witness regarding the underlying classified matters set forth in these admissions. You must decide what weight, if any, to give to these admissions.

Government Instruction No. 12A

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinions, the witness' qualifications, and all of the other evidence in the case.

Government Instruction No. 13

Seventh Circuit Committee (1999) 3.07

You have heard evidence that before the trial witnesses made statements that may be inconsistent with the witnesses' testimony here in court. If you find that it is inconsistent, you may consider the earlier statement [only] in deciding the truthfulness and accuracy of that witness' testimony in this trial. [You may not use it as evidence of the truth of the matters contained in that prior statement.] [If that statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.]

Government Instruction No. 14

Seventh Circuit Committee (1999) 3.09

You have heard evidence that Muhammed Shorbagi has been convicted of a crime. You may consider this evidence only in deciding whether Muhammed Shorbagi's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

Government Instruction No. 15

Seventh Circuit Committee (1999) 3.11

You have heard testimony from Muhammed Shorbagi who received benefits from the government in connection with this case, namely a recommendation by the government for a reduced sentence, an agreement by the government not to pursue other federal crimes he committed and the government's assistance with his and his wife's immigration status in the United States.

You may give his testimony such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

Government Instruction No. 16

Seventh Circuit Committee (1999) 3.13 (modified)

Certain bank record summaries are in evidence. They truly and accurately summarize the contents of voluminous records and should be considered together with and in the same way as all other evidence in the case. Certain phone record summaries are in evidence. The inclusion of photographs in the phone summaries has been challenged by the defendants. Other than the photographs, the phone record summaries truly and accurately summarize the contents of voluminous records and should be considered together with and in the same way as all other evidence in the case. In addition, the original materials upon which all of the summary exhibits are based have also been admitted into evidence.

Government Instruction No. 17

Seventh Circuit Committee (1999) 3.15 and 3.16 (modified)

Among the exhibits admitted during the trial were recordings that contained conversations in the Arabic and Hebrew languages. You were also provided with English transcripts of those conversations. The transcripts were provided to you by the government so that you could consider the content of the conversations on the recordings.

With respect to Government Exhibit Philadelphia Conference Disks Group and Ashqar Phone Calls Disks Group, the parties have stipulated to the accuracy and admissibility of the transcripts of those recordings. For those translations to which the parties stipulated, you should consider the transcripts in the same way as all other evidence in this case.

With respect to the translation of Government Exhibit 3/18/93 Tapes 1 through 5, whether the transcripts of those recordings are an accurate translation, in whole or in part, is for you to decide. In considering whether the transcript accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translators, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

Government Instruction No. 18

Seventh Circuit Committee (1999) 3.18 (modified)

Among the exhibits admitted during the trial were documents in the Arabic and Hebrew languages. You were also provided with English translations of those documents. The translations were provided to you by the government so that you could consider the content of the documents.

With respect to Government Exhibit Ashqar Faxes Group and Ashqar Search Documents Group, the parties have stipulated to the accuracy and admissibility of the translations of those documents. For those translations to which the parties stipulated, you should consider the translations in the same way as all other evidence in this case.

With respect to other documents for which translations have been admitted into evidence, whether the translations of of those documents are accurate, in whole or in part, is for you to decide. In considering whether a translation accurately describes the meaning of a document, you should consider the testimony presented to you regarding how, and by whom, the translation was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case. You should not rely in any way on any knowledge you may have of the language appearing on the document; your consideration of the transcripts should be based on the evidence introduced in the trial.

Government Instruction No. 19

Seventh Circuit Committee (1999) 3.18 (modified for documents)

The indictment charges that the offenses were committed "on or about" various dates. The government must prove that the offense happened reasonably close to the dates charged but is not required to prove that the alleged offenses happened on those exact dates.

Government Instruction No. 20

Seventh Circuit Committee (1999) 4.04

Even though the defendants are being tried together, you must give each of them separate consideration. In doing this, you must analyze what the evidence shows about each defendant, leaving out of consideration any evidence that was admitted solely against the other defendant. Each defendant is entitled to have his case decided on the evidence and the law that applies to that defendant.

Government Instruction No. 21

Seventh Circuit Committee (1999) 4.05

When the word "knowingly" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident. Knowledge may be proved by the defendant's conduct, and by all the facts and circumstances surrounding the case.

Government Instruction No.  22

Seventh Circuit Committee (1999) 4.06

To "attempt" means that the defendant knowingly took a substantial step toward the commission of the offense with the intent to commit that offense.

Government Instruction No. 23

Seventh Circuit Committee (1999) 4.07

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

Government Instruction No. 24

Seventh Circuit Committee (1999) 5.05

Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense. That person must knowingly associate with the criminal activity, participate in the activity, and try to make it succeed.

If a defendant knowingly caused the acts or omissions of another, the defendant is responsible for those acts as though he personally committed them.

Government Instruction No. 25

Seventh Circuit Committee (1999) 5.06

In the effort to detect violations of the law, the law allows the government to use various deceptive and disguised investigative techniques, including covert wiretaps and searches. These are permissible and recognized means of criminal investigation.

Whether or not you approve of the use of such investigative techniques to detect unlawful activities is not to enter into your deliberations in any way. If you are satisfied beyond a reasonable doubt that the defendant committed the offenses charged in the indictment, the fact that the government made use of investigative techniques that deceive is not relevant to your determination.

Government Instruction No. 26

United States v. Armstead, 02 CR 895 (Pallmeyer, J.)
United States v. Solis, 97 CR 814 (Manning, J.)
United States v. Gajo, 98 CR 100 (Gottschall, J.)
United States v. Meachum, 97 CR 169 (Norgle, J.) (modified)
United States v. Filskov, 96 CR 381 (Manning, J.) (modified)
United States v. Patterson, 95 CR 242 (Gettleman, J.) (modified)
United States v. Carlisi, 92 CR 1064 (Plunkett, J.) (modified)
United States v. Shields, 90 CR 1044 (Rovner, J.) (modified)
United States v. Infelise, 90 CR 87 (Williams, J.) (modified)
United States v. Belzer, 743 F.2d 1213, 1218 (7th Cir. 1984)
Lewis v. United States, 385 U.S. 206, 208, 209 (1966)
Caminetti v. United States, 242 U.S. 470 (1917)

Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions, Criminal, at 556.

**COUNT ONE**
**RACKETEERING CONSPIRACY**
**(Title 18 United States Code § 1962(d))**

Defendants Salah and Ashqar have been charged in Count One with racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Title 18, United States Code, Section 1962 provides in pertinent part:

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . .

(d) It shall be unlawful for any person to conspire to violate the provisions of subsection (c) of this section.

Government Instruction No. 27

18 U.S.C. § 1962(c)( and (d)

To prove a defendant guilty of conspiracy to commit racketeering, as charged in Count One, the United States must prove the following propositions:

First, that the defendant knowingly conspired to conduct or participate in the conduct of the affairs of Hamas, an enterprise, through a pattern of racketeering activity as described in Count One;

Second, that Hamas was an enterprise; and

Third, that the activities of Hamas would affect interstate commerce.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count One.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count One.

Government Instruction No.  28

Seventh Circuit Committee (1999) 18 U.S.C. § 1962(d) (modified)

A conspiracy is an agreement between two or more persons to accomplish an

unlawful purpose. A conspiracy may be established even if its purpose was not accomplished.

To be a member of the conspiracy, a defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished. The United States must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

In deciding whether the charged conspiracy exists, you may consider the actions and statements of every one of the alleged participants. An agreement may be proved from all the circumstances and the words and conduct of all the alleged participants.

In deciding whether a particular defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. In determining what that defendant did or said, you may consider that defendant's own words and acts. You may also consider the words or acts of other persons to decide what that defendant did or said, and you may use them to help you understand what that defendant did or said.

Government Instruction No. 29

Seventh Circuit Committee (1999) 5.08 (modified)

*United States v. Ryan*, 02 CR 506 (Pallmeyer, J.)

*United States v. Martinez de Ortiz*, 907 F.2d 629, 635 (7th Cir. 1990)(*en banc*)

For the conspiracy to exist, the government need not establish that there existed a formal agreement to conspire or that the persons charged met together and entered into an agreement which was express or formal.

Government Instruction No. 30

*United States v. Varelli*, 407 F.2d 735 (7th Cir. 1969)
*United States v. Andrus*, 775 F.2d 825, 853 (7th Cir. 1985)
*United States v. Aguilar*, 948 F.2d 392, 395 (7th Cir. 1991)
*United States v. Sasson*, 62 F.3d 874, 886 (7th Cir. 1995)

A conspirator is responsible for offenses committed by his fellow conspirators if he was a member of the conspiracy when the offense was committed and if the offense was in furtherance of the conspiracy.

Therefore, if you find a defendant guilty of the conspiracy charged in Count One and if you find beyond a reasonable doubt that while he was a member of the conspiracy, he or his fellow conspirators committed the offenses in Counts Two or Four in furtherance of and as a foreseeable consequence of that conspiracy, then you should find him guilty of Count One.

Government Instruction No. 31
Seventh Circuit Committee (1999) 5.09

The term "enterprise" can include a group of people or legal entities associated for a common purpose of engaging in a course of conduct. This group may be associated together for purposes that are both legal and illegal and may include any legal entity, and any group of individuals associated in fact although not a legal entity.

In considering whether a group is an "enterprise," you should consider whether it has an ongoing organization or structure, either formal or informal, and whether the various members of the group functioned as a continuing unit. A group may continue to be an "enterprise" even if it changes membership by gaining or losing members over time.

The government must prove that the group described in the indictment was the "enterprise" charged, but need not prove each and every allegation in the indictment about the enterprise or the manner in which the enterprise operated. The government must prove the association had some form or structure beyond the minimum necessary to conduct the charged pattern of racketeering activity. .

Government Instruction No. 32
Seventh Circuit Committee (1999) 18 U.S.C. § 1961(4) (modified)
*United States v. Matsers*, 924 F.2d 1362 (7th Cir. 1991)

To be associated with an enterprise, a person must be involved with the enterprise in a way that is related to its affairs or common purpose, although the person need not have a stake in the goals of the enterprise, and may even act in a way that subverts those goals. A person may be associated with an enterprise without being so throughout its existence.

Government Instruction No. 33
Seventh Circuit Committee (1999) 18 U.S.C. § 1962(c) & (d)

A person conducts or participates in the conduct of the affairs of an enterprise if that person uses his position in, or association with, the enterprise to perform acts which are involved in some way in the operation or management of the enterprise, directly or indirectly, or if the person causes another to do so.

In order to have conducted or participated in the conduct of the affairs of an enterprise, a person need not have participated in all the activity alleged in Count One.

Government Instruction No. 34
Seventh Circuit Committee (1999) 18 U.S.C. § 1962(c) & (d)

In order to find a "pattern of racketeering activity" for purposes of Count One, you must find beyond a reasonable doubt that the defendant agreed that some member of the conspiracy would commit at least two acts of racketeering as described in Count One. You must also find that those acts were in some way related to each other and that there was continuity between them.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have similar distinguishing characteristics, or are part of the affairs of the same enterprise.

There is a continuity between acts if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

For purposes of Count One, the United States does not have to prove that any racketeering acts were actually committed at all, or that the defendant agreed to personally commit any such acts, or that the defendant agreed that two or more specific acts would be committed.

Government Instruction No. 35
Seventh Circuit Committee (1999) 18 U.S.C. § 1962(d) (Pattern Requirement-Racketeering)

You must be unanimous as to one of the following for each defendant: (1) one type of racketeering activity for which there was an agreement that it be committed by some member of the conspiracy (which could include the defendant himself) at least twice or (2) two or more types of racketeering activity for which there was an agreement that each be committed by some member of the conspiracy (which could include the defendant himself) at least once.

Government Instruction No. 36
Seventh Circuit Committee (1999) 18 U.S.C. § 1962(d) (modified)

Interstate commerce includes the movement of money, goods, services, or persons from one state to another, or between another country and the United States. This would include the purchase or sale of goods or supplies from outside the states in which the enterprise was located, the use of interstate mail or wire facilities, or the causing of any of those things. If you find beyond a reasonable doubt either (a) that the enterprise made, purchased, sold or moved goods or services that had their origin or destination outside the states in which the enterprise was located, or (b) that the actions of the enterprise affected in any degree the movement of money, goods, or services across state lines, then interstate commerce was engaged in or affected.

The United States need only prove that the enterprise as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement. The United States need not prove that a defendant engaged in interstate commerce, or that the acts of a defendant affected interstate commerce.

Government Instruction No. 37
Seventh Circuit Committee (1999) 18 U.S.C. §§ 1962 (Interstate Commerce-Definition) and 1951 (Interstate Commerce-Definition)

The law defines "racketeering activity" as follows:

Any act involving murder and chargeable under any of the following provisions of the laws of the State of Illinois:

(1)     720 Illinois Compiled Statutes 5/8-2 and 720 Illinois Compiled Statutes 5/9-1 (first degree murder and conspiracy to commit first degree murder); and

(2)     720 Illinois Compiled Statutes 5/8-1.1 (solicitation of first degree murder).

Any act which is indictable under any of the following provisions of Title 18, United States Code:

(i)     Section 956(a)(1) (conspiracy to kill, kidnap, maim or injure persons in a foreign country);

(ii)    Section 1956 (money laundering);

(iii)   Section 1503 (obstruction of justice);

(iv)    Section 1203 (hostage taking and attempt and conspiracy to do so);

(v)     Section 1543 (forgery or false use of passport and attempt to do so); and

(vi)    Section 1952 (travel in aid of a racketeering enterprise).

Any violation of any of these statutes may constitute a distinct act of "racketeering activity."

Government Instruction No.  38

18 U.S.C. § 1961(1)
*United States v. Carlisi*, 92 CR 1064 (Plunkett, J.) (modified)

41

**INSTRUCTIONS REGARDING RACKETEERING ACTIVITIES INVOLVING FIRST DEGREE MURDER, CONSPIRACY TO COMMIT FIRST DEGREE MURDER AND SOLICITATION OF FIRST DEGREE MURDER**

**(720 ILCS 5/9-1 720 ILCS 5/8-2; 720 ILCS 5/8-1.1)**

Count One charges a conspiracy to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity involving murder and chargeable as first degree murder under the laws of the State of Illinois, in violation of 720 Illinois Compiled States 5/9-1.

720 Illinois Compiled Statutes 5/9-1 provides, in pertinent part:

(a) A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death:

(1) he either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or

(2) he knows that such acts create a strong probability of death or great bodily harm to that individual or another.

Government Instruction No. 39

720 ILCS 5/9-1

The elements of Illinois first degree murder are:

First, the performance of acts which caused the death of an individual;

Second, done with the intent to kill or do great bodily harm to that individual or another; and

Third, with knowledge that the acts created a strong probability of death or great bodily harm to that individual or another.

Government Instruction No. 40

Illinois Pattern Jury Instr. (2000) §§ 7.02 and 7.01

Count One charges a conspiracy to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity involving murder and chargeable as conspiracy to commit first degree murder under the laws of the State of Illinois, in violation of 720 Illinois Compiled States 5/8-2.

720 Illinois Compiled Statutes 5/8-2 provides, in pertinent part:

(a)   A person commits conspiracy when, with intent that an offense be committed, he agrees with another to the commission of that offense. No person may be convicted of conspiracy to commit an offense unless an act in furtherance of such agreement is alleged and proved to have been committed by him or by a co-conspirator.

(b) Co-conspirators.

It shall not be a defense to conspiracy that the person or persons with whom the accused is alleged to have conspired:

(1) Has not been prosecuted or convicted, or

(2) Is not amenable to justice, or

(3) Lacked the capacity to commit an offense.

Government Instruction No. 41

720 ILCS 5/8-2

45

The elements of conspiracy to commit first degree murder under the laws of the State of Illinois are:

First, an agreement between two or more people to the commission of the offense of first degree murder;

Second, done with the intent that the offense of first degree murder be committed; and

Third, that an act in furtherance of the agreement is performed by any party to the agreement.

Government Instruction No. 42

Illinois Pattern Jury Instr. (2000) §§ 6.03, 6.04 and 7.01

As used in the context of conspiracy to commit first degree murder, an "agreement" may be implied from the conduct of the parties although they acted separately or by different means and did not come together or enter into an express agreement.

Government Instruction No. 43

Illinois Pattern Jury Instr. (2000) § 6.03

The offense of conspiracy to commit first degree murder does not require that he conspirators succeed in committing the offense of first degree murder.

Government Instruction No. 44

Illinois Pattern Jury Instr. (2000) § 6.03

Count One charges a conspiracy to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity involving murder and chargeable as solicitation of first degree murder under the laws of the State of Illinois, in violation of 720 ILCS 5/8-1.1.

720 Illinois Compiled Statutes 5/8-1.1 provides, in pertinent part:

> (a) A person commits solicitation of murder when, with the intent that the offense of first degree murder be committed, he commands, encourages or requests another to commit that offense.

Government Instruction No. 45

720 ILCS 5/8-1.1

The elements of Illinois solicitation of first degree murder are:

First, that a person command, encourage or request of another to commit the offense of first degree murder;

Second, with the intent that the offense of first degree murder be committed.

Government Instruction No. 46

Illinois Pattern Jury Instr. (2000) §§ 6.02A and 6.01A

**INSTRUCTIONS REGARDING RACKETEERING ACTIVITIES
INVOLVING CONSPIRACY TO KILL, KIDNAP, MAIM OR INJURE
OR DAMAGE PROPERTY IN A FOREIGN COUNTRY**

**(18 U.S.C. § 956(a))**

Count One charges a conspiracy to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity including conspiracy to kill, kidnap, maim or injure persons in a foreign country in violation of Title 18, United States Code, § 956(a).

Title 18, United States Code, § 956(a) provides in pertinent part that an offense has been committed when:

> (a)(1) Whoever, within the jurisdiction of the United States, conspires with one or more other persons, regardless of where such other person or persons are located, to commit at any place outside the United States an act that would constitute the offense of murder, kidnapping, or maiming if committed in the [ ] territorial jurisdiction of the United States shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy, be punished  as provided in subsection (a)(2).

Government Instruction No. 47

18 U.S.C. § 956(a)(1) (2004)

The elements of conspiracy to kidnap, maim or injure persons in a foreign country are:

First, that within the jurisdiction of the United States a person;

Second, conspires with one or more persons regardless of where located to commit at any place outside the United States an act that would constitute the offense of murder, kidnaping, or maiming if it had been committed within the jurisdiction United States;

Third, an act within the United States by any of the conspirators to effect any object of the conspiracy.

Government Instruction No. 48

18 U.S.C. § 956(a) (2004)
18 U.S.C. § 956(a) (1992)
*United States v. Wharton*, 320 F.3d 526, 537-38 (5th Cir. 2003)

It is not necessary that the identities or the specific location of the victims be known by any one of the co-conspirators.

Government Instruction No. 49

18 U.S.C. § 956(a)

*United States v. Sattar*, 395 F.Supp. 2d 79, 98 (S.D.N.Y. 2005)
*Cf. United States v. Romero*, 897 F.2d 47, 50-51 (2d Cir.1990) (affirming conviction for conspiring to kill federal officer where defendants conspired to kill "anyone posing a threat to them or [their narcotics] business").

**INSTRUCTIONS REGARDING RACKETEERING ACTIVITIES
INVOLVING OBSTRUCTION OF JUSTICE**

**(18 U.S.C. § 1503)**

Count One charges a conspiracy to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity including obstruction in violation of Title 18, United States Code, § 1503.

Title 18. United States Code, § 1503 provides in pertinent part that an offense has been committed when an individual:

> (a) . . . corruptly . . . endeavors to influence . . . or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty, . . . or corruptly . . . . obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice . . . .

Government Instruction No. 50

18 U.S.C. § 1503

The elements of obstruction of justice are:

First, to influence, obstruct or impede, or endeavor to influence, obstruct or impede the due administration of justice;

Second, to do so knowingly; and

Third, to do so corruptly, that is, with the purpose of wrongfully impeding the due administration of justice.

Government Instruction No. 51

Seventh Circuit Committee (1999) 18 U.S.C. § 1503 (Obstruction of Justice Generally) (modified)

**INSTRUCTIONS REGARDING RACKETEERING ACTIVITIES
INVOLVING HOSTAGE TAKING**

**(18 U.S.C. § 1203)**

Count One charges a conspiracy to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity including hostage taking and attempt and conspiracy to do so in violation of Title 18, United States Code, § 1203.

Title 18, United States Code, § 1203 provides in pertinent part that an offense has been committed when:

(a) . . . whoever, whether inside or outside the United States, seizes or detains and threatens to kill, to injure, or to continue to detain another person in order to compel a third person or a governmental organization to do or abstain from doing any act as an explicit or implicit condition for the release of the person detained, or attempts or conspires to do so . . . .

(b)(1) It is not an offense under this section if the conduct required for the offense occurred outside the United States unless--

(A) the offender or the person seized or detained is a national of the United States; or

(B) the offender is found in the United States.

Government Instruction No. 52

18 U.S.C. § 1203

The elements of hostage taking and attempt and conspiracy to do so are:

First, an intentional seizing or detaining or of another person, or to attempt or conspire to do so;

Second, a threat to kill, injure or continue to detain that person;

Third, to do so for the purpose of compelling a third person or entity or government organization to act, or refrain from acting, in some way, as an explicit or implicit condition for the release of the seized or detained person.

Government Instruction No. 53

18 U.S.C. § 1203(a)

*United States v. De Jesus-Batres*, 410 F.3d 154, 160 (5th Cir. 2005)
*United States v. Lin*, 101 F.3d 760, 766 (D.C. Cir. 1997)

9th Cir. Crim. Jur. Instr. (2003) 8.100A (Hostage Taking)

**INSTRUCTIONS REGARDING RACKETEERING ACTIVITIES
INVOLVING FORGERY OR FALSE USE OF A PASSPORT
AND ATTEMPT TO DO SO**

**(18 U.S.C. § 1543)**

Count One charges a conspiracy to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity including forgery or false use of passports and attempt to do so in violation of Title 18, United States Code, § 1543.

Title 18, United States Code, § 1543 provides in pertinent part that an offense has been committed when an individual:

> [F]alsely makes, forges, counterfeits, mutilates, or alters any passport or instrument purporting to be a passport, with intent that the same may be used; or

> [W]illfully and knowingly uses, or attempts to use, or furnishes to another for use any such false, forged, counterfeited, mutilated, or altered passport or instrument purporting to be a passport, or any passport validly issued which has become void by the occurrence of any condition therein prescribed invalidating the same--

Government Instruction No. 54

18 U.S.C. § 1543

The elements of forgery or false use of passport and attempt to do so are:

First, the false making, forging, counterfeiting, mutilating or altering of a passport or instrument purporting to be a passport, or attempt to do so, and

Second,

(i) with the intent that the same may be used;

or

(ii) the knowing use or attempted use, or furnishing to another

for use of a false, forged, counterfeited, mutilated, or altered

passport, or instrument purporting to be a passport

A violation occurs equally with respect to foreign travel documents in addition to those issued by the United States.

Government Instruction No. 55

18 U.S.C. § 1543

*United States v. Hollingsworth*, 27 F.3d 1196, 1213 n.2 (7th Cir. 1994)

**INSTRUCTIONS REGARDING RACKETEERING ACTIVITIES
INVOLVING MONEY LAUNDERING**

**(18 U.S.C. § 1956)**

Count One charges a conspiracy to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity including money laundering in violation of 18 U.S.C. § 1956.

18 United States Code § 1956 provides in pertinent part that an offense has been committed when an individual:

> (a)(2) . . . transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States--
>
> > (A) with the intent to promote the carrying on of specified unlawful activity; or
>
> (h) conspires to do so.

Government Instruction No. 56

18 U.S.C. § 1956

The elements of money laundering are:

First, the transport or intended transport of money from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States;

Second, with the intent to promote the carrying on of an unlawful activity.

Government Instruction No. 57

18 U.S.C. § 1956(a)(2)(A)

9th Cir. Crim. Jur. Instr. (2003) 8.122 (Transporting Funds to Promote Unlawful Activity) and 8.123(Transporting Monetary Instruments for the Purpose of Laundering) (modified)

Congress enacted 18 U.S.C. § 1956(a)(2)(A) to prohibit the movement of money overseas with the intent to promote the carrying on of "specified unlawful activity." Over time, Congress has added additional criminal statutes to the definition of "specified unlawful activity."

The term "specified unlawful activity" as used with respect to money laundering means the following during the time periods designated and you should only consider the particular type of "specified unlawful activity" during the time periods designated:

(1)     during any time period during the charged conspiracy, acts involving murder, conspiracy to commit murder, or solicitation of murder as I have previously instructed you;

(2)     acts which are indictable under any of the following provisions of Title 18, United States Code:

> (i)  during any time period during the charged conspiracy, Section 1203 (hostage taking and attempt and conspiracy to do so) as I have previously instructed you;
>
> (ii)  during any time period during the charged conspiracy, Section 1952 (travel in aid of a racketeering enterprise) as you will be instructed;
>
> (iii)  beginning on or after April 24, 1996, Section 956(a) (conspiracy to kill, kidnap, maim or injure persons in a foreign country) as I have previously instructed you; or
>
> (iv)  beginning on or after September 30, 1996, Section 1543 (forgery or false use of passport and attempt to do so) as I have previously instructed you.

(3)     with respect to any financial transaction occurring in whole or in part in the United States, any offense against a foreign nation involving the following:

> (i)     beginning on or after October 28, 1992, kidnaping;
>
> (ii)     beginning on or after April 24, 1996, murder or destruction of property by means of explosive or fire; or

The term "financial transaction" means: (a) a purchase, sale, transfer, delivery, or other

disposition involving one or more monetary instruments, which in any way or degree affects interstate or foreign commerce; or (b) a deposit, withdrawal, transfer between accounts, or exchange of currency, or loan involving the use of a financial institution which is engaged in or the activities of which affect interstate or foreign commerce.

The term "monetary instrument" includes coin or currency of the United States, personal checks, bank checks, and money orders.

The term "financial institution" includes, for example, commercial banks.

The term "interstate commerce" is as I have previously instructed you.

The term "foreign commerce" means trade, transactions, transportation, or communications between a point in one country and a place outside that country, or between two points within a country through a place outside that country.

In determining whether a particular defendant agreed that one of the types of racketeering activity that would occur as part of a pattern of racketeering was money laundering, you must unanimously agree as to one or more types of "specified unlawful activity" that was intended to be promoted by the transport or intended transport of money from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States.

Government Instruction No. 58

18 U.S.C. §§ 1956(a)(c)(7) and 1961(1)

The term "transports" includes all means of carrying, sending, mailing, shipping or moving funds. Thus, it includes the electronic transfer of funds by wire or other means including any physical means of transporting or transferring funds.

It makes no difference whether the monetary instrument or funds that were to be transported is derived from criminal activity or not. It could be legitimately earned income.

Government Instruction No. 59

*United States v. Piervinanzi*, 23 F.3d 670, 678-83 (2nd Cir. 1994)
*United States v. Monroe*, 943 F.2d 1007, 1015-16 (9th Cir. 1991)
*United States v. Hamilton*, 931 F.2d 1046, 1051-52 (5th Cir. 1991)

**INSTRUCTIONS REGARDING RACKETEERING ACTIVITIES
INVOLVING TRAVEL IN AID OF A RACKETEERING ENTERPRISE**

**(18 U.S.C. § 1952)**

Count One charges a conspiracy to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity including travel in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952.

18 United States Code § 1952 provides in pertinent part that an offense has been committed when an individual:

> travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to--
>
> > (1) distribute the proceeds of any unlawful activity; or
> >
> > (2) commit any crime of violence to further any unlawful activity; or
> >
> > (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,
>
> and thereafter performs or attempts to perform--
>
> (A) an act described in paragraph (1) or (3)

Government Instruction No. 60

18 U.S.C. § 1952

The elements of interstate or foreign travel in aid of racketeering enterprises are:

First, to travel or cause another to travel in interstate or foreign commerce, or use or caused to be used a facility in interstate or foreign commerce, including the mail;

Second, with the intent to distribute the proceeds of an unlawful activity; promote manage establish, carry on an unlawful activity; or facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

Third, thereafter: distribute or attempt to distribute the proceeds of an unlawful activity; promote, manage promote, manage, establish or carry on an unlawful activity; or attempt to facilitate the promotion, management, establishment or carrying on of an unlawful activity.

Government Instruction No. 61

Seventh Circuit Committee (1999) 18 U.S.C. §§ 1952 (Interstate and Foreign Travel in Aid of Racketeering Enterprises - Elements)

The term "unlawful activity" means money laundering as defined above.

Government Instruction No. 62

18 U.S.C. § 1952(b)(3)

One of the issues in this case is whether either defendant Salah or defendant Ashqar withdrew from the conspiracy.

In order to withdraw, a defendant must have taken some affirmative act to terminate his effort to promote or facilitate the conspiracy by:

(a) wholly depriving his prior efforts of effectiveness in the commission of the crime, or

(b) giving timely warning to the proper law enforcement authorities, or

(c) doing an affirmative act that is inconsistent with the object of the conspiracy and is done in such a way that the co-conspirators are reasonably likely to know about it before they carry through with further acts of the conspiracy, or

(d) making proper effort to prevent the commission of the crime.

Merely ceasing participation in the conspiracy, even for extended periods, is not enough to demonstrate withdrawal from the conspiracy. Withdrawal requires that the conspirator make himself completely unavailable for the conspiracy's purposes.

Defendant Salah cannot be found guilty of the conspiracy charge if he withdrew from the conspiracy more than five years before the indictment was returned. The indictment in this case was returned on August 19, 2004. Thus, the government must prove beyond a reasonable doubt that defendant Salah did not withdraw from the conspiracy prior to August 19, 1999.

74

Defendant Ashqar cannot be found guilty of the conspiracy charge if he withdrew from the conspiracy more than five years before the indictment was returned. The indictment in this case was returned on August 19, 2004. Thus, the government must prove beyond a reasonable doubt that defendant Ashqar did not withdraw from the conspiracy prior to August 19, 1999.

Government Instruction No. 63

Seventh Circuit Committee (1999) 5.13 (modified)

*United States v. Bafia*, 949 F.2d 1465, 1477 (7th Cir. 1991)
*United States v. Wren*, 363 F.3d 654, 663 (7th Cir. 2004)
*United States v. Nava-Salazar*, 30 F.3d 788, 799 (7th Cir. 1994)
*United States v. Canino*, 949 F.2d 928, 952 (7th Cir.1991)

A defendant found to be a member of a criminal conspiracy remains responsible for the conspiracy offense as long as the conspiratorial objective continues and the defendant is still a member of the conspiracy, regardless of whether the defendant commits any acts in furtherance of the conspiracy. A conspiracy continues to exist until the goals of the conspiracy are either accomplished or abandoned. A conspirator continues to be a member of a conspiracy unless he legally withdraws from the conspiracy as previously explained in these instructions.

Government Instruction No. 64

*United States v. Glecier*, 923 F.2d 496 (7th Cir. 1991)
*United States v. Torres-Lopez*, 851 F.2d 520, 525 (1st Cir. 1988)
*United States v. Persico*, 832 F.2d 705, 713 (2d Cir. 1987)
*United States v. Coia*, 719 F.2d 1120, 1124-25 (11th Cir. 1983)
*United States v. Spero*, 331 F.3d 57, 60 (2d Cir.2003)
*United States v. Maloney*, 71 F.3d 645, 660 (7th Cir.1995)
*United States v. Elwell*, 984 F.2d 1289, 1293 (1st Cir.1993).
*United States v. Saadey,* 393 F.3d 669, 677-78 (6th Cir. 2005)
*United States v. Eisen*, 974 F.2d 246, 264 (2d Cir. 1992)
*United States v. Gonzales,* 921 F.2d 1530, 1547-48 (11th Cir. 1991)

Among the types of racketeering activity charged in the indictment are violations of 18 U.S.C. § 1203 (hostage taking and attempt and conspiracy to do so) and 18 U.S.C. § 956(a)(1) (conspiracy to kill, kidnap, maim or injure persons in a foreign country). In order to consider violations of Section 1203 and Section 956(a)(1) as types of racketeering activity for a particular defendant under consideration, you must find that the charged conspiracy continued until on or after October 26, 2001, and that the particular defendant under consideration was a member of the conspiracy on or after October 26, 2001.

Should you find that the conspiracy continued until on or after October 26, 2001 and that a particular defendant was a member of the conspiracy on or after October 26, 2001, then for that particular defendant you may consider Section 1203 as a type of racketeering activity that could have been agreed upon by the defendant as part of a pattern of racketeering activity during any part of the charged conspiracy.

Should you find that the conspiracy continued until on or after October 26, 2001 and that a particular defendant was a member of the conspiracy on or after October 26, 2001, then for that particular defendant you may consider Section 956(a)(1) as a type of racketeering activity that could have been agreed upon by the defendant as part of a pattern of racketeering activity beginning on or after April 24, 1996, the date upon which it became a crime to conspire to kill, kidnap, maim or injure persons in a foreign country.

You may consider all evidence admitted during trial as to a particular defendant in determining which, if any, types of racketeering the defendant agreed would be committed as part of a pattern of racketeering.

Government Instruction No. 65

*United States v. Korando*, 29 F.3d 1114, 1119-20 (7th Cir. 1994)
*United States v. Canino*, 949 F.2d 928, 951-52 (7th Cir. 1991)
*United States v. Alkins*, 925 F.2d 541, 548-49 (2nd Cir. 1991)
*United States v. Caporale*, 806 F.2d 1487, 1516 (11th Cir. 1986)
*United States v. Boffa*, 688 F.2d 919, 937 (3rd Cir. 1982)
*United States v. Campanale*, 518 F.2d 352, 364-65 (9th Cir. 1975)
*United States v. Field*, 432 F. Supp 55, 59 (S.D.N.Y. 1977)
*United States v. Mandel*, 415 F. Supp 997, 1022 (D. Md. 1976)
*United States v. Hurley*, 63 F.3d 1, 19 (1st Cir. 1995)
*United States v. Eisen*, 974 F.2d 246, 268 (2nd Cir. 1992)
*United States v. Minicone*, 960 F.2d 1099, 1111 (2nd Cir. 1992)
*United States v. Vaccaro*, 115 F.3d 1211, 1221 (5th Cir. 1997)
*United States v. Reed*, 924 F.3d 1014, 1016-17 (11th Cir. 1991)
*United States v. Bailey*, 892 F. Supp. 997, 1018-19 (N.D. Ill. 1995)
*United States v. Duran*, 407 F.3d 828, 835 (7th Cir. 2005)
*United States v. Edwards*, 945 F.2d 1387, 1395 (7th Cir. 1991)
*United States v. Castillo*, 814 F.2d 351, 355 (7th Cir. 1987)
*United States v. Garcia Abrego*, 141 F.3d 142, 167 (5th Cir. 1998)

A defendant charged with conspiracy in the indictment can be convicted, in the alternative, as an aider and abettor of that conspiracy.

A defendant is guilty of aiding and abetting a charged conspiracy if he or she tries to help the conspiracy succeed by committing an act in furtherance of the conspiracy and had knowledge of the conspiracy's purpose at the time he or she commits the act. One can aid and abet a conspiracy without necessarily participating in the original agreement. One who aids and abets a conspiracy is guilty of conspiracy.

You must be unanimous as to whether a particular defendant was part of the charged conspiracy or aided and abetted the charged conspiracy.

Government Instruction No. 66

*United States v. Irwin*, 149 F.3d 565, 569-570 (7th Cir. 1998)
*United States v. Pearson*, 113 F.3d 758, 762 (7th Cir. 1997)
*United States v. Zafiro*, 945 F.3d 881, 887-888 (7th Cir. 1991)
*United States v. Snook*, 00 CR 699 (N.D. Ill 2002) (Castillo, J.)
*United States v. Bergtop*, 00 CR 821 (N.D. Ill 2001) (Kocoras, J.)
*United States v. Edwards*, 95 CR 508-4 (N.D. Ill. 1999)(Leinenweber, J.)
*United States v. Hoover*, 95 CR 508 (N.D. Ill. 1997)(Leinenweber, J.)

**COUNTS TWO AND FOUR**

**OBSTRUCTION OF JUSTICE**

**(18, U.S.C. § 1503)**

Count Two charges defendant Muhammad Salah with obstruction of justice in violation of 18 U.S.C. § 1503.

18 United States Code § 1503 provides in pertinent part that an offense has been committed when an individual:

(a) . . . corruptly . . . endeavors to influence . . . or impede any . . . officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty, . . . or corruptly . . . obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice . . . . .

Government Instruction No. 67

18 U.S.C. § 1503

Count Four charges defendant Abdelhaleem Ashqar with obstruction in violation of 18 U.S.C. § 1503.

18 United States Code § 1503 provides in pertinent part that an offense has been committed when an individual:

> (a) . . . corruptly . . . endeavors to influence . . . or impede any grand [] juror, or officer in or of any court of the United States, . . . in the discharge of his duty, . . . or corruptly . . . . obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice . . . .

Government Instruction No. 68

18 U.S.C. § 1503

To sustain each charge of obstruction of justice, the government must prove the following propositions:

First, that the defendant influenced, obstructed or impeded, or endeavored to influence, obstruct or impede the due administration of justice;

Second, that the defendant acted knowingly; and

Third, that the defendant's acts were done corruptly, that is, with the purpose of wrongfully impeding the due administration of justice.

If you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

Government Instruction No. 69

Seventh Circuit Committee (1999) 18 U.S.C. § 1503 (Obstruction of Justice Generally)

The word endeavor describes any effort or act to influence obstruct or impede the due administration of justice.  The endeavor need not be successful, but it must have at least a reasonable tendency to impede to influence, obstruct, or impede the due administration of justice.

Government Instruction No. 70

Seventh Circuit Committee (1999) 18 U.S.C. § 1503) (Obstruction of Justice Generally - Definition of Endeavor)

84

The phrase "due administration of justice" requires that an individual's corrupt acts relate to a pending federal judicial proceeding. An individual does not commit the offense of obstruction of justice when there is no pending federal judicial proceeding. A federal grand jury investigation and a civil lawsuit in federal court each qualify as a federal judicial proceeding.

Government Instruction No. 71

*United States v. Ryan*, 02 CR 506 (Pallmeyer, J.) (modified)
*United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006)

When determining whether a defendant's acts were done corruptly, that is, with the purpose of wrongfully impeding the due administration of justice, it is not necessary for the government to prove that a defendants only or even main purpose in his actions was to wrongfully impede the due of administration of justice.

Government Instruction No. 72

*United States v. Cueto*, 151 F.3d 620, 630-31 (7th Cir. 1998)
*United States v. Brenson*, 104 F.3d 1267, 1279 (11th Cir. 1997)

**COUNT THREE**

**CRIMINAL CONTEMPT**
**(18 U.S.C. § 401)**

Counts Three charges criminal contempt of 18 U.S.C. § 401(3).

18 United States Code § 401(3) provides in pertinent part that an offense has been committed when an individual engages in:

Disobedience or resistance to [ ] lawful writ, process, order, rule, decree, or

command of a court of the United States.

Government Instruction No. 73

18 U.S.C. § 401(3)

To sustain the charge of contempt of court, the government must prove each of the following propositions:

First, that the court entered an order of reasonable specificity to comply with a grand jury subpoena to testify;

Second, that the defendant had actual knowledge of the court order;

Third, that the defendant disobeyed or disregarded the court order;

Fourth, that the defendant acted knowingly and willfully in disobeying or disregarding the court order.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

Government Instruction No. 74

Seventh Circuit Pattern Instruction (1999) 4.01 (modified)

*United States v. Betts*, 10 F.3d 1278 (7th Cir. 1993);
*United States v. Voss*, 82 F.3d 1`521, 1529 (10th Cir. 1996)
*United States v. Alwan*, 00 CR 582 (Castillo, J.)

An act or failure to act is "willfully" done if done voluntarily and intentionally, as distinguished from accidentally, carelessly or unintentionally, and with the specific intent to fail to do something the law requires to be done; that is to say, with a purpose either to disobey or disregard what the law requires, in this case an order of the court. Willfulness may be proved by the defendant's conduct and by all the facts and circumstances surrounding the case.

Government Instruction No. 75

Seventh Circuit Pattern Instruction (1999) 4.09 (modified)

*United States v. Patrick*, 542 F.2d 381, 388-89 (7th Cir. 1976);
*United States v. Ray*, 683 F.2d 1116, 1127 (7th Cir. 1982);
*United States v. Betts*, 927 F.2d 983, 986 (7th Cir. 1991);
*United States v. Alwan*, 00 CR 582 (Castillo, J.)

In considering the propositions the government must prove, I further instruct you that in this case, the order entered by Acting Chief Judge Kocoras on June 25, 2003, directing defendant Abdelhaleem Ashqar to testify, was a valid and legal order.

Government Instruction No. 76

*United States v. Ray*, 683 F.2d 1116, 1127 (7th Cir. 1982)
*United States v. Alwan*, 00 CR 582 (Castillo, J.)

It is not a defense to contempt that a defendant feared the use of his statements by a foreign country or in a prosecution in a foreign country.

If the defendant engaged in the criminal contempt only because he reasonably feared immediate, serious bodily harm or death would be inflicted upon him (or others) if he did not engage in the conduct, and he had no reasonable opportunity to avoid the injury, then the defendant is not guilty because he was coerced. The burden of proof is on the defendant to prove by a preponderance of the evidence that he reasonably feared immediate, serious bodily harm or death would be inflicted upon him (or others) if he did not engage in the conduct, and he had no reasonable opportunity to avoid the injury.

Government Instruction No. 77

*United States v. Balsys*, 524 U.S. 666 (1998)

*United States v. Brummitt*, 665 F.2d 521, 526 (5th Cir. 1981)

Seventh Circuit Committee (1999) 6.08 (modified)

*Dixon v. United States*, 126 S.Ct. 2437 (2006)

In your deliberations, you should not give any consideration to the question of possible punishment. The issue of punishment, if the defendant should be convicted, is exclusively the responsibility of the Court.

Government Instruction No. 78

*Shannon v. United States*, 512 U.S. 573, 579 (1994)
*United States v. Alwan*, 00 CR 582 (Castillo, J.)

Neither by these instructions, nor by any ruling or remark which I have made, do I mean to indicate any opinion as to the facts or as to what your verdict should be. You are the sole and exclusive judges of the facts.

Government Instruction No. 79

Seventh Circuit Criminal Instructions (1980) 1.03

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Forms of verdict read.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

Government Instruction No. 80

Seventh Circuit Committee (1999) 7.01

Each count of the indictment charges each defendant named in that count with having committed a separate offense.

You must give consideration both to each count and to each defendant. You must consider each count and the evidence relating to it separate and apart from every other count.

You should return a separate verdict as to each defendant and as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to that defendant under any other count.

Government Instruction No. 81

Seventh Circuit Committee (1999) 7.04

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal.

Government Instruction No. 82

Seventh Circuit Committee (1999) 7.05

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

Government Instruction No. 83

Seventh Circuit Committee (1999) 7.06

98