**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 03 CR 978** |
| | ) | **Hon. Amy St. Eve** |
| **ABDELHALEEM ASHQAR** | ) | |
| | ) | |
| **Defendant** | ) | |

### DEFENDANT ABDELHALEEM ASHQAR'S OBJECTIONS TO GOVERNMENT'S SECOND AMENDED DRAFT JURY INSTRUCTIONS

NOW COMES, Defendant Abdelhaleem Ashqar, by his undersigned counsel, respectfully submits his objections to the Government's second amended draft jury instructions. Dr. Ashqar objects to the following proposed jury instructions:

**1. Instruction 24, Page 27**

Dr. Ashqar objects to this instruction because it is covered by the substantive instruction on conspiracy which states that the defendant does not need to personally perform every act. As such, this instruction would only serve to confuse the jury.

**2. Instruction 25, Page 28**

**3. Instruction 27, Page 31**

This instruction does not recognize the multifarious nature of Hamas. One could participate in the affairs of an enterprise, without specifically intending to further the illegal goals of such an enterprise.

**4. Instruction 28, Page 32**

Dr. Ashqar objects to this instruction because it does not include any reference to the specific intent mandated by the doctrine of strictissimi juris when the First Amendment is implicated by a person's membership in a multifarious organization (hereinafter "specific intent objection").

**5. Instruction 29, Page 33** (specific intent objection)
**6. Instruction 31, Page 35**

This <u>Pinkerton</u> instruction should not be given where an organization such as Hamas has a multifarious nature. The mere membership in the conspiracy cannot render Dr. Ashqar liable for the acts of other co-conspirators because under the doctrine of strictissimi juris, Dr. Ashqar must specifically intend that the other co-conspirators commit those illegal acts.

**7. Instruction 32, Page 36** (specific intent objection)

**8. Instruction 33, Page 37** (specific intent objection)

**9. Instruction 34, Page 37** (specific intent objection)

**10. Instruction 35, Page 38** (specific intent objection)

**11. Instruction 36, Page 39**

Dr. Ashqar objects to this further definition of "pattern of racketeering activity." Furthermore, Dr. Ashqar objects to the omission of the requirement of the RICO statute that one of the racketeering activities must occur after the effective date of the statute and the other racketeering activity must occur within ten years after the commission of the prior act.

**12. Instruction 39, Page 43**

Because this is an Illinois statute, there must be some instruction informing the jury that some portion of the racketeering activity must have involved activity that took place in Illinois (hereinafter "Illinois objection").

**13. Instruction 40, Page 44** (Illinois objection)

**14. Instruction 42, Page 46** (Illinois objection)

**15. Instruction 43, Page 47** (Illinois objection)

**16. Instruction 45, Page 49** (Illinois objection)

**17. Instruction 47, Page 52**

Dr. Ashqar objects to the instructions involving 18 U.S.C. § 956(a) because the government has not presented any evidence of any acts of murder, kidnaping or maiming outside of the United States after the effective date of this statute on April 24, 1996 (hereinafter "effective date objection").

Furthermore, Dr. Ashqar objects to this instruction because Section 956(a) did not become a RICO racketeering activity until October 26, 2001 (hereinafter "racketeering activity date objection").

18. **Instruction 48, Page 53** (effective date and racketeering activity date objection)

19. **Instruction 49, Page 54** (effective date and racketeering activity date objection)

20. **Instruction 50, Page 56** (specific intent objection)

21. **Instruction 51, Page 57** (specific intent objection)

22. **Instruction 52, Page 59** (specific intent objection)

Dr. Ashqar also objects to this instruction because Section 1203 did not become a RICO racketeering activity until October 26, 2001 (hereinafter "racketeering activity date objection").

23. **Instruction 53, Page 60** (effective date, racketeering activity date, and specific intent objection)

Furthermore, Dr. Ashqar objects to this instruction because the government has omitted an additional element that must be proven if the conduct constituting the offense occurred outside of the United States.

24. **Instruction 54, Page 62**

Dr. Ashqar objects to the use of this instruction because forgery or false use of passports under 18 U.S.C. § 1543 did not become a RICO racketeering activity until April 24, 1996 (hereinafter "racketeering activity date objection").

25. **Instruction 55, Page 63** (racketeering activity date objection)

Dr. Ashqar also objects to the inclusion of the last sentence that "[a] violation occurs equally with respect to foreign travel documents in addition to those issued by the United States." This language miscasts the statute too broadly and should not be included.

26. **Instruction 56, Page 65** (specific intent objection)

27. **Instruction 57, Page 66**

Dr. Ashqar objects to this instruction because it does not recognize that Hamas is a multifarious organization and that some of the reasons for the transferring of money to them are legitimate and legal.

**28. Instruction 58, Page 67**

First, Dr. Ashqar objects to this instruction because it does not recognize the proper time periods in which the specified unlawful activity must be found. Under Section 1203, this offense did not become a specified unlawful activity until April 24, 1996. Furthermore, the offense of kidnaping against a foreign nation did not become a specified unlawful activity until April 24, 1996, not October 28, 1992 as the government has suggested.

Furthermore, Dr. Ashqar objects to this instruction's inclusion of acts involving murder, conspiracy to murder, or solicitation to murder, as the government has never proffered any evidence of such acts occurring all or in part in Illinois.

Dr. Ashqar also objects to the omission of a definition of "with the intent to promote the carrying on of specified unlawful activity" and to the wording of the definition of "specified unlawful activity."

Finally, Dr. Ashqar objects to the wording of the last paragraph instructing the jury that it must unanimously agree to which "specified unlawful activity" was intended.

**29. Instruction 60, Page 71** (specific intent objection)

**30. Instruction 61, Page 72** (specific intent objection)

**31. Instruction 64, Page 76**

Dr. Ashqar objects to this instruction because it does not recognize the multifarious nature of Hamas. Dr. Ashqar can still be a member only intending to further the legitimate goals of Hamas without being responsible for the illegal goals which he does not support. Furthermore, Dr. Ashqar can withdraw from the illegal side of Hamas and still remain a member of the legal side.

**32. Instruction 65, Page 77**

First, Dr. Ashqar objects to this instruction because the caveats concerning the effective dates and racketeering activity dates should be included in the substantive instructions under each racketeering activity.

Second, Dr. Ashqar objects to this instruction because it does not include the fact that 18 U.S.C. § 956(a) only became effective as law on April 24, 1996. The government has not proffered any evidence of an act that involved murder, maiming or kidnaping after this effective date. Therefore, this statute cannot be charged as a racketeering activity.

Dr. Ashqar also objects to this instruction because it does not include all of the

4

racketeering activities that were enacted as such on a later date than the enactment of the RICO statute. Also receiving this type of instruction should be the racketeering activity of forgery or false use of passports under 18 U.S.C. § 1543, which was enacted as a racketeering activity on April 24, 1996.

Finally, Dr. Ashqar objects to the wording of the last paragraph. Because Hamas is a multifarious organization, the jury must not only find that Dr. Ashqar was a member of the conspiracy after the enactment of those acts as racketeering activities, but also that Dr. Ashqar continued to the specific intent that a member of the conspiracy would commit such acts.

### 33. Instruction 66, Page 79

Dr. Ashqar objects to this instruction because it essentially overlaps with the RICO conspiracy charge.

### 34. Instruction 77, Page 92

Dr. Ashqar objects to this instruction because it attempts to instruct the jury on the facts rather than the law. The jury may decide that the defendant engaged in criminal contempt because he feared that information gleaned from the testimony would have been leaked to a foreign country and that imminent serious bodily harm would follow. This is a question of fact and not law.

Furthermore, Dr. Ashqar objects to the first line of this instruction as inapplicable in this case because of the close association between the United States and Israel. Dr. Ashqar also objects to the preponderance of evidence standard in the second paragraph. The correct standard should be "some minimal evidence." Furthermore the burden is on the government to prove the absence of coercion.

### <u>CONCLUSION</u>

The aforementioned explanations of the objections to the government's second amended

draft jury instructions are not intended as full arguments as to the reasons behind the objections,

but rather are offered to elucidate for the Court and the government the areas of the particular

instructions that Dr. Ashqar disagrees with and objects to. A full memorandum of law on the

particular points will accompany Dr. Ashqar's draft jury instructions.

Respectfully Submitted,

/s/ William B. Moffitt
**WILLIAM B. MOFFITT**
Moffitt & Brodnax, Ltd.
The Mills Building, Suite 400
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Phone: (202) 997-1786
Fax: (703) 834-0206
Email: wbmoffit_esq@yahoo.com
*ATTORNEY TO BE NOTICED*

**KEITH SPIELFOGEL**
20 North Clark Street, Suite 1200
Chicago, Illinois 60602
Phone: (312) 236-6021
Fax: (312) 368-8770
Email: spielfogel@sbcglobal.net
*ATTORNEY TO BE NOTICED*