**IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 03 CR 978** |
| | ) | **Hon. Amy St. Eve** |
| **ABDELHALEEM ASHQAR,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>DEFENDANT ABDELHALEEM HASAN ABDELRAZIQ ASHQAR'S SECOND DRAFT
SET OF JURY INSTRUCTIONS</u>**

NOW COMES, Defendant Abdelhaleem Ashqar, by his undersigned counsel, respectfully

submits to the Court his second draft set of jury instructions.

Respectfully Submitted,

/s/ William B. Moffitt
**WILLIAM B. MOFFITT**
Moffitt & Brodnax
The Mills Building, Suite 400
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Phone: (703) 834-0204
Fax: (703) 834-0206
Email: wbmoffit_esq@yahoo.com
*ATTORNEY TO BE NOTICED*

**KEITH SPIELFOGEL**
20 North Clark Street, Suite 1200
Chicago, IL 60602
Phone: (312) 236-6021
Email: spielfogel@sbcglobal.net
*ATTORNEY TO BE NOTICED*

1

**DEFENDANT ABDELHALEEM ASHQAR'S
PROPOSED JURY INSTRUCTION NO. 1**

There are two defendants in this trial. Counsel for the two defendants have at times worked together in their defense. Since defense counsels' clients are on trial together, they are entitled to sit together and cooperate with one another. This cooperation by defense counsel does not constitute evidence that the defendants were in any way associated in a conspiracy. You are to draw no inference from a concerted or collaborative effort by the attorneys who represent the defendants in this case.

**DEFENDANT ABDELHALEEM ASHQAR'S
JURY INSTRUCTION NO. 2**

(Mere Association and Activity)

A defendant's association with conspirators is not by itself sufficient to prove his

participation or membership in a conspiracy.

If a defendant performed acts that advanced a conspiracy but had no knowledge that a

crime was being committed or was about to be committed, those acts alone are not sufficient to

establish the defendant's guilt.

**AUTHORITY**

Seventh Circuit Pattern Jury Instruction 5.11.
United States v. Windom, 19 F.3d 1190 (7th Cir. 1994).
United States v. Moya-Gomez, 860 F.2d 706, 759 (7th Cir. 1988).
United States v. Williams, 798 F.2d 1024, 1028-29 (7th Cir. 1986).
United States v. Garcia, 562 F.2d 411, 414 (7th Cir. 1977).

**DEFENDANT ABDELHALEEM ASHQAR'S
JURY INSTRUCTION NO. 3**

(Conspiracy when First Amendment is Implicated - Strictissimi Juris)

In the eyes of the law, Hamas is a bifarious organization, having both legitimate and illegal aims and goals. A more exacting standard of proving participation in a conspiracy is required where the conspiratorial organization has both illegal and legal aims, because participation in the legal pursuits of the organization is protected within the First Amendment. A person who is in sympathy with the legitimate aims of such an organization, but does not specifically intend to accomplish that aim by a resort to illegal activity, is not punished for adherence to lawful and constitutionally protected purposes of speech, because of other and unprotected purposes which he does not necessarily share.

Guilt beyond a reasonable doubt can only be found if there is evidence of a defendant's own advocacy of and participation in the illegal goals of the conspiracy. The illegal intent of alleged co-conspirators must not be imputed to the actions of the defendant.

Therefore, to find a defendant guilty beyond a reasonable doubt of a conspiracy where an organization has both legitimate and illegal goals, you must find that a defendant became a member of the conspiracy with the specific intent to further the illegal goals of the conspiracy, and not merely the legitimate aims of the organization.

**AUTHORITY**

Scales v. United States, 367 U.S. 203, 225 (1961).
Noto v. United States, 367 U.S. 290, 299-300 (1961).
United States v. Dellinger, 472 F.2d 340, 392-93 (7th Cir. 1970), *cert. denied*, 410 U.S. 970 (1973).
United States v. Montour, 944 F.2d 1019, 1024 (2d Cir. 1991) (second paragraph).
United States v. Spock, 416 F.2d 165, 173 (1st Cir. 1969) (second paragraph).

4

**DEFENDANT ABDELHALEEM ASHQAR'S
JURY INSTRUCTION NO. 4**

(Multiple Conspiracies)

With regard to the conspiracy charged in Count One of the indictment, whether there was one conspiracy, two conspiracies, multiple conspiracies, or no conspiracy is a question of fact for you to determine.

If you find from your consideration of all the evidence that the government has proved beyond a reasonable doubt there was one overall conspiracy as alleged in Count One and that a particular defendant was a member of that conspiracy, you should find that defendant guilty of Count One.

If you find from you consideration of all the evidence that there were two or more conspiracies and that a particular defendant was a member of one or more of those conspiracies, you may find that defendant guilty of Count One only if you unanimously further find from your consideration of all of the evidence that the government has proven beyond a reasonable doubt that this proven conspiracy was included within the conspiracy alleged in Count One.

If, on the other hand, you find that a defendant was a member of a proven conspiracy that is not included within the conspiracy alleged in Count One, you should find that defendant not guilty of Count One.

**AUTHORITY**

United States v. Snider, 98 CR 932 (Judge Holderman)
Kotteakos v. United States, 328 U.S. 750 (1946)

5

**DEFENDANT ABDELHALEEM ASHQAR'S
JURY INSTRUCTION NO. 5**

(RICO - Conspiracy Offense - 18 U.S.C. §1962(d) w/ First Amendment)

Count One of the Superseding Indictment charges that from in or about 1988 through the date of the Superseding Indictment, Defendant Muhammad Hamid Khalil Salah and Defendant Abhelhaleem Hasan Abdelraziq Ashqar knowingly and willfully conspired and agreed, with each other and with other people, to conduct and participate, directly and indirectly, in the conduct of the affairs of an "enterprise," which was engaged in or the activities of which affected interstate or foreign commerce, through a "pattern of racketeering activity," in violation of Title 18, United States Code, Section 1962(d). This statute is commonly referred to as the "RICO conspiracy" statute.

Our law does not criminalize beliefs or mere membership in an organization. A person who is in sympathy with the legitimate aim of an organization, but does not intend to accomplish that aim by a resort to illegal activity, is not punished for adherence to lawful purposes or speech. Speech advocating the use of force or violation of law is, by itself, not illegal so long as the speech is not directed at inciting or producing imminent lawless action and is not likely to incite or produce such action. "Imminent" means about to occur at any moment or impending. But speech, including the expression of beliefs or sympathies, may be used by you in determining the speaker's knowledge or intent or state of mind. You may find the Defendant guilty only if the evidence proves he committed a crime charged in the Superseding Indictment.

To prove a defendant guilty of conspiracy to commit racketeering, as charged in Count 1, the government must prove beyond a reasonable doubt the following propositions:

6

First:   That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan

Second:  That the defendant knowingly conspired to conduct or participate in the conduct of the affairs of Hamas, an "enterprise", through a "pattern of racketeering activity" as described in Count 1; and

Third:   That Hamas was an enterprise; and

Fourth:  That the activites of Hamas affected interstate commerce.

Fifth:   That the defendant knowingly became a member of the conspiracy with a specific intention to further the illegal aims of the conspiracy.

If you find from your consideration of all the evidence that each of these propositions has been proven beyond a reasonable doubt as to a defendant, then you should find that defendant guilty of Count 1.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proven beyond a reasonable doubt as to a defendant, then yous should find that defendant not guilty of Count 1.

**AUTHORITY**

Seventh Circuit Pattern Jury Instruction 18 U.S.C. 1962(d). (elements of RICO conspiracy plus the two conspiracy elements)
United States v. Al-Arian, 8:03-CR-77-T-30-TBM, Middle District of Florida, Tampa Division (2005).
N.A.A.C.P. v. Claiborne Hardware Co., 458 U.S. 886, 920 (1982).
Scales v. United States, 367 U.S. 203 (1961).
Boim v. Quaranic Literacy Institute and Holy Land Foundation for Relief and Development, 291 F.3d 1000 (7th Cir. 2002).

**DEFENDANT ABDELHALEEM ASHQAR'S
JURY INSTRUCTION NO. 5(a)**

(RICO - Conspiracy Offense - "Enterprise" Defined)

The Government must prove beyond a reasonable doubt that the conspirators agreed that an enterprise would be established. The enterprise alleged in the Superseding Indictment is the Islamic Resistance Movement, commonly referred to as Hamas.

The term "enterprise" can include a group of people or legal entities associated together for a common purpose of engaging in a course of conduct. This group may be associated together for purposes that are both legal and illegal. In considering whether a group is an "enterprise," you should consider whether it has an ongoing organization or structure, either formal or informal, and whether the various members of the group functioned as a continuing unit.

The government must prove that the group described in the indictment was the "enterprise" charged, but need not prove each and every allegation in the indictment about the enterprise or the manner in which the enterprise operated. The government must prove the association had some form or structure beyond the minimum necessary to conduct the charged "pattern of racketeering."

**AUTHORITY**

Seventh Circuit Pattern Jury Instruction 18 U.S.C. 1961(4).

8

**DEFENDANT ABDELHALEEM ASHQAR'S
JURY INSTRUCTION NO. 6**

(RICO - Conspiracy Offense
Engaging in or Affecting Interstate Commerce Defined)

The Government must prove beyond a reasonable doubt that the enterprise was engaged in, or its activities affected, interstate commerce. The government need only prove that the enterprise as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement. The government need not prove that a defendant engaged in interstate commerce, or that the acts of a defendant affected interstate commerce.

Interstate commerce includes the movement of money, goods, services, or persons form one state to another or between another country and the United States. This would include the purchase or sale of goods or supplies from outside the states in which the enterprise was located, the use of interstate mail or wire facilities, or the causing of any of those things. If you find that beyond a reasonable doubt either (a) that the enterprise made, purchased, sold or moved goods or services that had their origin or destination outside the states in which the enterprise was located, or (b) that the actions of the enterprise affected in any degree the movement of money, goods, or services across state lines, then interstate commerce was engaged in or affected.

**AUTHORITY**

Seventh Circuit Pattern Jury Instruction 18 U.S.C. 1962 (Interstate Commerce).
Scales v. United States, 367 U.S. 203, 225 (1961) (specific intent to further illegal goals required when a bifarious conspiracy organization)**.**

9

**DEFENDANT ABDELHALEEM ASHQAR'S**
**JURY INSTRUCTION NO. 7**

(RICO - Conspiracy Offense
Agreement to Commit Pattern of Racketeering Activities - Bifarious Organization)

In the case of a bifarious enterprise, the Government must prove beyond a reasonable doubt that, at the time a defendant knowingly agreed to join the RICO conspiracy, the defendant did so with the specific intent either to personally participate in the commission of two "racketeering activities," or to otherwise participate in the affairs of the enterprise with the knowledge and specific intent that other members of the RICO conspiracy would commit two or more "racketeering activities" as part of a "pattern of racketeering activity."

The term "racketeering activity" includes any of the following:

(a) 720 ILCS 5/8-2 and 720 ILCS 5/9-1 - first degree murder and conspiracy to commit first degree murder

(b) 720 ILCS 5/8-1.1 - solicitation of first degree murder

[c] 18 USC 956(a)(1) - conspiracy to kill, kidnap, maim, or injure persons in a foreign country

(d) 18 USC 1956 - money laundering and attempt and conspiracy to do so

(e) 18 USC 1503 - obstruction of justice

(f) 18 USC 1203 - hostage taking and attempt and conspiracy to do so

(g) 18 USC 1543 - forgery or false use of passport and attempt to do so

(h) 18 USC 1952 - travel in aid of racketeering enterprises

In order to find a "pattern of racketeering activity," you must find beyond a reasonable doubt that the Defendant specifically intended that a member of the RICO conspiracy would commit at least two "racketeering activities" as described in the Superseding indictment within ten

10

years of each other. You must also find that those acts were in come way related to each other and that there was continuity between them.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way.

There is continuity between acts if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

You must unanimously agree concerning each defendant under consideration as to which racketeering activity that defendant specifically intended that a member of the RICO conspiracy would commit, if any. It would not be sufficient if some of the jurors should find that a defendant specifically intended that two particular racketeering activities would be committed while the remaining jurors find that such Defendant specifically intended that two different racketeering activities would be committed. Rather, you must be unanimous as to which racketeering activities, if any, the defendant specifically intended would be committed by a member of the RICO conspiracy; for example, at least tow activities of conspiracy to commit murder, or conspiracy to murder or maim persons outside the United States, or conspiracy to commit money laundering, or obstruction of justice, or provision of material support to a designated Foreign Terrorist Organization, or conspiracy to take hostages, or forgery or false use of passports or travel in aid of a racketeering enterprise; or one of each; or any combination thereof.

I will now instruct you on the definitions of the racketeering activities that the Superseding Indictment alleges the defendants specifically intended that a member of the RICO conspiracy would commit in the conduct of the affairs of the enterprise. You should apply these principles to

11

determine whether the defendants specifically intended that a member of the RICO conspiracy

would commit that racketeering activity.

**AUTHORITY**

Seventh Circuit Pattern Jury Instruction - 18 U.S.C. 1962(d) (Pattern Requirement)
United States v. Al-Arian, 8:03-CR-77-T-30-TBM, Middle District of Florida, Tampa Division
(2005).
Scales v. United States, 367 U.S. 203, 225 (1961) (specific intent to further illegal goals required
when a bifarious conspiracy organization).

**DEFENDANT ABDELHALEEM ASHQAR'S
JURY INSTRUCTION NO. 8**

(RICO - Conspiracy Offense
Racketeering: Illinois First Degree Murder)

The first alleged racketeering activity is first degree murder and conspiracy to commit first degree murder in violation of Illinois Statutes 720 ILCS 5/8-2 and 720 ILCS 5/9-1. For the purpose of Count 1, you must unanimously determine whether a defendant specifically intended that a member of the RICO conspiracy would commit this racketeering activity.

Under Illinois law, a person commits conspiracy when, with intent that an offense be committed, he agrees with another to the commission of that offense. No person may be convicted of conspiracy to commit an offense unless an act in furtherance of such agreement is alleged and proved to have been committed by him or by a co-conspirator.

Illinois law prohibits murder in the first degree. A person commits murder in the first degree when he kills an individual without lawful justification if, in performing the acts which cause the death:

> (1) he either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or
>
> (2) he knows that such acts create a strong probability of death or great bodily harm to that individual or another; or
>
> (3) he is attempting or committing a forcible felony other than second degree murder.

Not all homicides are murder in the first degree. Homicide also encompasses the lesser crimes of murder in the second degree and manslaughter. Furthermore, a killing that is excusable or was committed by the use of justifiable deadly force is lawful. If you find that a defendant specifically intended that a member of the RICO conspiracy would kill a human being, you will

13

then consider the circumstances surrounding the killing in deciding if the killing was murder in the first degree, or was murder in the second degree, or was involuntary manslaughter, or whether the killing was excusable or resulted from justifiable use of deadly force. Only first degree murder is included as a "racketeering activity," and any other type of homicide would not support the contention that the defendant specifically intended that a member of the RICO conspiracy would commit first degree murder.

Illinois law defines murder in the second degree as the offense of first degree murder as defined above and either of the following mitigating factors:

(1) At the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by the individual killed or another whom the offender endeavors to kill, but he negligently or accidentally causes the death of the individual killed; or

(2) At the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles of justifiable or excusable homicide, but his belief is unreasonable.

Serious provocation is conduct sufficient to excite an intense passion in a reasonable person.

Illinois law defines involuntary manslaughter as the unintentional killing of an individual without lawful justification if the acts, whether lawful or unlawful, which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly.

The killing of a human being is justifiable homicide and lawful if done in the reasonable belief that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the commission of a forcible felony. Also a person is justified in killing another individual if entry is made or attempted in a violent, riotous, or tumultuous manner, and he

14

reasonably believes that such force is necessary to prevent an assault upon him or another then in the dwelling, or he reasonably believes that such force is necessary to prevent the commission of a felony in the dwelling.

**AUTHORITY**

720 ILCS 5/8-2
720 ILCS 5/9-1
720 ILCS 5/9-2
720 ILCS 5/9-3
720 ILCS 5/7-1
720 ILCS 5/7-2
Scales v. United States, 367 U.S. 203, 225 (1961) (specific intent to further illegal goals required when a bifarious conspiracy organization)**.**

**DEFENDANT ABDELHALEEM ASHQAR'S**
**JURY INSTRUCTION NO. 9**

(RICO - Conspiracy Offense
Solicitation of First Degree Murder)

The second alleged racketeering is the solicitation of first degree murder in violation of Illinois statute 720 ILCS 5/8-1.1. For the purpose of Count 1, you must unanimously determine whether a defendant specifically intended that a member of the RICO conspiracy would commit this racketeering activity.

Illinois law states that a person commits solicitation of murder when, with the intent that the offense of first degree murder be committed, he commands, encourages or requests another to commit that offense.

Solicitation of murder is a specific intent crime. For the offense of solicitation of murder, it is not sufficient that the perpetrator solicited the commission of an act knowing that such an act created a strong probability of death or great bodily harm; rather, the perpetrator must act with specific intent that first-degree murder be committed.

**AUTHORITY**

720 ILCS 5/8-1.1.
People v. Latona, 644 N.E.2d 424 (Ill. App. 1994).
Scales v. United States, 367 U.S. 203, 225 (1961) (specific intent to further illegal goals required when a bifarious conspiracy organization).

**DEFENDANT ABDELHALEEM ASHQAR'S**
**JURY INSTRUCTION NO. 10**

(RICO - Conspiracy Offense
Racketeering: Conspiracy to Murder Abroad)

The third alleged racketeering activity is conspiracy to kill, kidnap, maim or injure persons in a foreign country, in violation of 18 U.S.C. § 956(a)(1). For the purpose of Count 1, you must unanimously determine whether a defendant specifically intended that a member of the RICO conspiracy would commit this racketeering activity.

Section 956(a)(1) makes it a Federal crime or offense to conspire within the United States to murder or maim persons outside the United States. To prove a violation of Section 956(a)(1) requires proof beyond a reasonable doubt that:

| | |
|---|---|
| First: | Two or more people, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan; |
| Second: | The object of the unlawful plan was to murder, kidnap, maim, or injure a person outside the United States |
| Third: | That a member of the RICO conspiracy, knowing the unlawful purposes of the plan, willfully joined it; |
| Fourth: | That the member of the RICO conspiracy was within the United States while conspiring; |
| Fifth: | That, during the existence of the conspiracy, a member of the conspiracy knowingly committed at least one "overt act" within the United States described in the Superseding Indictment; and |
| Sixth: | That such "overt act" was knowingly committed at or about the time alleged in an effort to carry outor accomplish some objective of the conspiracy. |

I have already defined the terms "knowingly" and "overt act" for you. You should apply those instructions here.

17

Under Federal law, murder covers two separate offenses: murder in the first degree and murder in the second degree. So, with respect to this racketeering activity, if you should find that a defendant did not specifically intend that a member of the RICO conspiracy would commit the offense of conspiracy to murder outside the United States in the first degree, you should then proceed to decide if a defendant specifically intended that a member of the RICO conspiracy would commit the offense of conspiracy to murder outside the United States in the second degree.

Federal law defines murder as the unlawful killing of a human being with malice aforethought. To kill with "malice aforethought" means to have, at the time of the killing, an intent to take the life of another person either deliberately and intentionally, or to willfully act with callous and wanton disregard for human life.

Killing with "premeditated intent" is required in addition to proof of malice aforethought in order to establish the offense of first degree murder. Premeditation is typically associated with killing in cold blood and requires a period of time in which the actor deliberates, or thinks the matter over before acting. The law does not specify or require any exact period of time that must pass between the formation of the intent to kill and the killing itself. It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

The term "maim" means to mutilate or disfigure.

The offense of conspiring to murder, kidnap, maim or injure persons outside the United States did become law until April 24, 1996 and did not become a racketeering activity under the RICO conspiracy statute until October 26, 2001. Therefore, if you find that the Government has established beyond a reasonable doubt that a defendant specifically intended that a member of the RICO conspiracy would commit conduct that <u>after</u> October 26, 2001 would constitute the offense

18

of conspiracy to murder, kidnap, maim or injure persons outside the United States, you must then determine when that agreement occurred. If you find that the agreement occurred before October 26, 2001, you may find that the conspiracy to murder, kidnap, maim or injure persons outside the Untied States was a racketeering activity only if you find beyond a reasonable doubt that a defendant continued to specifically intend after October 26, 2001 that a member of the RICO conspiracy would commit conduct constituting the offense of conspiracy to murder or maim persons outside of the United States, in furtherance of the affairs of Hamas.

If you find that a defendant specifically intended that a member of the RICO conspiracy would conspire to murder, kidnap, maim or injure persons outside the United States, you are instructed that you must unanimously decide whether a defendant specifically intended that a member of the RICO conspiracy would conspire to (1) murder, (2) kidnap, (3) maim, (4) injure, or (5) a combination of the aforementioned acts.

**AUTHORITY**

18 U.S.C. 956(a)(1).
PATRIOT Act, PL 107-56, 2001 HR 3162, § 813 (October 26, 2001) (making any offense under §2332, including § 956, a racketeering activity under § 1961)..
United States v. Al-Arian, 8:03-CR-77-T-30-TBM, Middle District of Florida, Tampa Division (2005).
Scales v. United States, 367 U.S. 203, 225 (1961) (specific intent to further illegal goals required when a bifarious conspiracy organization).

**DEFENDANT ABDELHALEEM ASHQAR'S
JURY INSTRUCTION NO. 11**

(RICO - Conspiracy Offense
Racketeering: Money Laundering)

The fourth alleged racketeering activity is money laundering and attempt and conspiracy to do so in violation of 18 U.S.C. § 1956. For the purpose of Count 1, you must unanimously determine whether a defendant specifically intended that a member of the RICO conspiracy would commit this racketeering activity.

Section 1956(a)(2)(A) makes it a Federal crime or offense to knowingly transport, transmit or transfer a monetary instrument or funds from a place in the United States to or through a place outside of the United States, or to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of "specified unlawful activity."

The term "transports, transmits or transfers" includes all means of carrying, sending, mailing, shipping or moving funds. Thus, it includes the electronic transfer of funds by wire or computer or other means including any physical means of transporting or transferring funds.

It makes no difference whether the monetary instrument or funds that were to be transported, transmitted, or transferred is derived from criminal activity or not. It could be legitimately earned income.

The term "monetary instrument" includes the coin or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in such form that title passes upon delivery.

20

The term "with the intent to promote the carrying on of specified unlawful activity" means that the financial transaction was intended to facilitate, make easier, or help to bring about at least one of the following alleged "specified unlawful activities:" (1) conspiracy to commit first degree murder, in violation of Illinois law; (2) conspiracy to commit solicitation of murder, in violation of Illinois law; (3) conspiracy to murder, kidnap, maim, or injure persons outside the United States, in violation of Title 18, United States Code, Section 956; (4) hostage taking, in violation of Title 18, United States Code, Section 1203; (5) forgery or false use of a passport, in violation of Title 18, United States Code, Section 1543; or (6) an offense against Israel involving kidnaping or murder or destruction of property by means of explosives or fire.

In determining whether a defendant specifically intended that a member of the RICO conspiracy would commit the offense of money laundering, you must unanimously agree as to which "specified unlawful activity" was intended to be promoted, if any, which could be any one or more of the charged "specified unlawful activity." For example, it would not be sufficient if some of the jurors should find that a defendant specifically intended that a member of the RICO conspiracy would commit money laundering with the intent to promote conspiracy to commit forgery or false use of passports, while the remaining jurors find that such Defendant only specifically intended that a member of the RICO conspiracy would commit international money laundering with the intent to promote conspiracy to commit first degree murder in violation of Illinois law.

I have previously instructed you on the offenses of conspiracy to commit first degree murder, solicitation of first degree murder under Illinois law, and conspiracy to murder or maim

persons outside the United States in violation of Title 18, United States Code, Section 956(a)(1). You should apply those instructions to your consideration of whether the Government has proven beyond a reasonable doubt that the Defendant specifically intended that a member of the RICO conspiracy would engage in money laundering with the intent to promote the carrying on of one or more of those specified unlawful activities.

The offense of money laundering with the intent to promote the carrying on of the "specified unlawful activity" of conspiracy to commit first degree murder under Illinois law or the "specified unlawful activity" of solicitation of murder under Illinois law did not become a racketeering activity until October 27, 1986. Thus, if you find beyond a reasonable doubt that the Defendant specifically intended that a member of the RICO conspiracy would commit conduct that after October 27, 1986 would constitute the offense of money laundering with the intent to promote the carrying on of any such "specified unlawful activity," you must then determine when that agreement occurred. If you find that the agreement occurred before October 27, 1986, you may find that the offense of international money laundering with the intent to promote the carrying on of any such "specified unlawful activity" was a racketeering activity only if you find beyond a reasonable doubt that the Defendant continued to specifically intend after October 27, 1986 that a member of the RICO conspiracy would commit conduct constituting the offense of international money laundering with the intent to promote the carrying on of any such "specified unlawful activity," in furtherance of the affairs of Hamas.

The offense of engaging in international money laundering with the intent to promote the carrying on of the "specified unlawful activity" of conspiracy to murder, kidnap,

maim or injure persons outside the United States under 18 U.S.C. § 956(a), the "specified unlawful activity" of hostage taking under 18 U.S.C. § 1203, the "specified unlawful activity" of an offense against Israel involving kidnaping, or the "specified unlawful activity" of an offense against Israel involving the destruction of property by means of explosive or fire, did not become a RICO racketeering activity until April 24, 1996. Thus, if you find beyond a reasonable doubt that the Defendant specifically intended that a member of the RICO conspiracy would commit conduct that after April 24, 1996 would constitute the offense of international money laundering with the intent to promote the carrying on of any such "specified unlawful activity," you must then determine when that agreement occurred. If you find that the agreement occurred before April 24, 1996, you may find that the offense of international money laundering with the intent to promote the carrying on of any such "specified unlawful activity" was a racketeering activity only if you find beyond a reasonable doubt that the Defendant continued to specifically intend after April 24, 1996 that a member of the RICO conspiracy would commit conduct constituting the offense of international money laundering with the intent to promote the carrying on of any such "specified unlawful activity," in furtherance of the affairs of Hamas.

The offense of engaging in international money laundering with the intent to promote the carrying on of the "specified unlawful activity" of an offense of forgery or a false use of a passport did not become a RICO racketeering activity until September 30, 1996. Thus, if you find beyond a reasonable doubt that the Defendant specifically intended that a member of the RICO conspiracy would commit conduct that after September 30, 1996 would constitute the offense of money laundering with the intent to promote the carrying on of any such

23

"specified unlawful activity," you must then determine when that agreement occurred. If you find that the agreement occurred before September 30, 1996, you may find that the offense of money laundering with the intent to promote the carrying on of any such "specified unlawful activity" was a racketeering activity only if you find beyond a reasonable doubt that the Defendant continued to specifically intend after September 30, 1996 that a member of the RICO conspiracy would commit conduct constituting the offense of international money laundering with the intent to promote the carrying on of any such "specified unlawful activity," in furtherance of the affairs of Hamas.

**AUTHORITY**

18 U.S.C. §1956.
Scales v. United States, 367 U.S. 203, 225 (1961) (specific intent to further illegal goals required when a bifarious conspiracy organization)**.**
PATRIOT Act, PL 107-56, 2001 HR 3162, § 813 (October 26, 2001) (making any offense under §2332 a racketeering activity under § 1961).
PL 104-132, 1996 S 735, § 433 (April 24, 1996).

24

**DEFENDANT ABDELHALEEM ASHQAR'S
JURY INSTRUCTION NO. 12**

(RICO - Conspiracy Offense
Racketeering Activity - Obstruction of Justice)

The fourth alleged racketeering activity is obstruction of justice, in violation of Title 18, United States Code, Section 1503. For the purpose of Count 1, you must unanimously determine whether a defendant specifically intended that a member of the RICO conspiracy would commit this racketeering activity.

Section 1503 makes it a Federal crime or offense for anyone to knowingly and corruptly endeavor to influence, obstruct or impede the due administration of justice in a proceeding pending before a court.

To prove a violation of Section 1503 requires that the following facts be proved beyond a reasonable doubt:

First:     That there was a grand jury proceeding pending before the Special April 2002 Grand Jury (02 GJ 369), as described in the Superseding Indictment.

Second:     That a member of the RICO conspiracy endeavored to influence, obstruct or impede the due administration of justice in that judicial proceeding, as charged;

Third:     That the member of the RICO conspiracy did so knowingly; and

Fourth:     The member of the RICO conspiracy's acts were done corruptly (with an improper motive or with an evil or wicked purpose), that is, with the purpose of wrongfully impeding the due administration of justice.

The due administration of justice refers to the fair, impartial, uncorrupted and unimpeded investigation, prosecution, disposition or trial of any matter - civil or criminal - in the courts of the United States. It includes every step in a matter or proceeding in the Federal courts to assure the

25

just consideration and determination of the rights of parties, whether government or individual.

The word endeavor describes any effort to act to influence, obstruct, or impede the due administration of justice. The endeavor need not be successful, but it must have at least a reasonable tendency to influence, obstruct, or impede the due administration of justice.

To act corruptly means to at knowingly and dishonestly with an improper motive or with an evil or wicked purpose with the specific intent to influence, obstruct, or impede the due administration of justice.

**AUTHORITY**

Corruptly = improper motive or wicked purpose:
United States v. Partin, 552 F.2d 621, 641 (5th Cir.), *cert. denied*, 434 U.S. 903 (1977).
United States v. Ryan, 455 F.2d 728, 734 (9th Cir. 1971).
United States v. Haldeman, 559 F.2d 31 115n.229 (D.C. Cir. 1976), *cert. denied,* 431 U.S. 933 (1977).

**DEFENDANT ABDELHALEEM ASHQAR'S
JURY INSTRUCTION NO. 13**

(RICO - Conspiracy Offense
Racketeering - Hostage Taking)

The sixth alleged racketeering activity is hostage taking and the attempt and conspiracy to do so, in violation of Title 18, United States Code, Section 1203. For the purpose of Count 1, you must unanimously determine whether a defendant specifically intended that a member of the RICO conspiracy would commit this racketeering activity.

Section 1203 makes it a Federal crime or offense for anyone, whether inside or outside the United States, seizes or detains and threatens to kill, to injure, or to continue to detain another person in order to compel a third person or a governmental organization to do or abstain from doing any act as an explicit or implicit condition for the release of the person detained, or attempts or conspires to do so.

However, it is not an offense under this section if the conduct required for the offense occurred outside the United States unless one of the following is found beyond a reasonable doubt:

1) the offender or the person seized or detained is a national of the United States; or

2) the offender is found in the United States; or

3) the governmental organization sought to be compelled is the Government of the United States

Section 1203 was not enacted as a law until April 24, 1996 and was not enacted as a RICO racketeering activity until under the RICO conspiracy statute until October 26, 2001. Therefore, if you find that the Government has established beyond a reasonable doubt that a

27

defendant specifically intended that a member of the RICO conspiracy would commit conduct that after October 26, 2001 would constitute the offense hostage taking, you must then determine when that agreement occurred. If you find that the agreement occurred before October 26, 2001, you may find that the conspiracy to take hostages was a racketeering activity only if you find beyond a reasonable doubt that a defendant continued to specifically intend after October 26, 2001 that a member of the RICO conspiracy would commit conduct constituting the offense of conspiracy to take hostages, in furtherance of the affairs of Hamas.

**AUTHORITY**

18 U.S.C. § 1203.
Scales v. United States, 367 U.S. 203, 225 (1961) (specific intent to further illegal goals required when a bifarious conspiracy organization).
PATRIOT Act, PL 107-56, 2001 HR 3162, § 813 (October 26, 2001) (making any offense under §2332, including §1203, a racketeering activity under § 1961).

28

**DEFENDANT ABDELHALEEM ASHQAR'S**
**JURY INSTRUCTION NO. 14**

(RICO - Conspiracy Offense
Racketeering: Interstate Travel in Aid of Racketeering)

The seventh alleged racketeering activity is a violation of Title 18, United States Code, Section 1952. For the purpose of Count 1, you must unanimously determine whether a defendant specifically intended that a member of the RICO conspiracy would commit this racketeering activity.

Section 1952 makes it a Federal crime or offense for anyone to travel in interstate or foreign commerce, or use the mail or any facility in interstate or foreign commerce, with the intent to commit any crime of violence to further certain unlawful activity or with the intent to to otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment or carrying on of certain unlawful activity.

To prove a violation of Section 1952 requires proof of the following propositions beyond a reasonable doubt:

<blockquote>

First: A member of the conspiracy traveled or caused another to travel in interstate or foreign commerce, or used or caused to be used a facility in interstate or foreign commerce, including the mail;

Second: A member of the conspiracy did so with the specific intent to promote, manage, establish, or carry on an unlawful activity; and

Third: A member of the conspiracy thereafter performed an act knowingly and willingly to promote, manage, establish or carry on an unlawful activity, or to facilitate or attempt to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

</blockquote>

The term "unlawful activity" means money laundering as I previously have defined.

**AUTHORITY**

Seventh Circuit Committee (1999) 18 U.S.C. § 1952

<u>United States v. Al-Arian</u>, 8:03-CR-77-T-30-TBM, Middle District of Florida, Tampa Division (2005).

<u>Scales v. United States</u>, 367 U.S. 203, 225 (1961) (specific intent to further illegal goals required when a bifarious conspiracy organization).

**DEFENDANT ABDELHALEEM ASHQAR'S**
**JURY INSTRUCTION NO. 15**

(RICO - Conspiracy Offense
Racketeering: Forgery or False Use of Passports)

The eight alleged racketeering activity is forgery or false use of passports, in violation of Title 18, United States Code, Section 1543. For the purpose of Count 1, you must unanimously determine whether a defendant specifically intended that a member of the RICO conspiracy would commit this racketeering activity.

Section 1543 makes it a Federal crime or offense for anyone to falsely make, forge, counterfeit, mutilate, or alter any passport or instrument purporting to be a passport, with intent that the same may be used, or to willfully and knowingly use, attempt to use, or furnish another for use any such false, forged, counterfeited, mutilated, or altered passport or instrument purporting to be a passport, or any passport validly issued which has become void by the occurrence of any condition therein prescribed invalidating the same.

To prove a violation of Section 1543 requires that all the following propositions be proved beyond a reasonable doubt:

First:       A member of the RICO conspiracy falsely made, forged, counterfeited, mutilated, or altered a passport or an instrument purporting to be a passport;

Second:      (i) A member of the RICO conspiracy did so with the intent that the same may be used, or

             (ii) A member of the RICO conspiracy knowingly used or attempted to use, or furnish to another for use of a false, forged, counterfeited, mutilated, or altered passport, or instrument purporting to be a passport.

Section 1543 was not enacted as a RICO racketeering activity until under the RICO

31

conspiracy statute until April 24, 1996. Therefore, if you find that the Government has established beyond a reasonable doubt that a defendant specifically intended that a member of the RICO conspiracy would commit conduct that after April 24, 1996 would constitute the offense hostage taking, you must then determine when that agreement occurred. If you find that the agreement occurred before April 24, 1996, you may find that the conspiracy to take hostages was a racketeering activity only if you find beyond a reasonable doubt that a defendant continued to specifically intend after April 24, 1996 that a member of the RICO conspiracy would commit conduct constituting the offense of conspiracy to take hostages, in furtherance of the affairs of Hamas.

**AUTHORITY**

18 U.S.C. § 1543.
PL 104-132, 1996 S 735, § 433 (April 24, 1996) (adding § 1543 as a RICO predicate act to § 1961).
Scales v. United States, 367 U.S. 203, 225 (1961) (specific intent to further illegal goals required when a bifarious conspiracy organization).

**DEFENDANT ABDELHALEEM ASHQAR'S**
**JURY INSTRUCTION NO. 16**

(Effects of Designations on Specific Intent to further a RICO conspiracy)

United States law does not seek to punish behavior that is not explicitly labeled as illegal. In the interest of fundamental fairness, the United States Constitution prohibits new or modified laws that seek to retrospectively punish past behavior because they do not give fair warning to individuals on how they should modify their behavior to comply with the law.

Providing support for Hamas did not become illegal until the Department of State designated Hamas as a Specially Designated Terrorist Organization (SDTO) on January 25, 1995 and until the Treasury Department designated Hamas as a Foreign Terrorist Organization (FTO) on October 8, 1997. Prior to the designations, support for and association with the Hamas organization was legal as Hamas was and continues to be a multifarious organization, with both legal and illegal goals.

Thus, if you find beyond a reasonable doubt that a defendant continued to have the specific intent to further Hamas' illegal goals after the designations of Hamas as a Specially Designated Terrorist Organization and a Foreign Terrorist Organization, you may find that a defendant had the requisite intent to further a RICO conspiracy. However, if you find that a defendant conformed his behavior to the law after the designation of Hamas as a SDTO and a FTO or that the Government cannot prove beyond a reasonable doubt that a defendant continued to have the specific intent to further the illegal goals of Hamas after the designations, you should find that a defendant did not have the requisite intent to further a RICO conspiracy.

**AUTHORITY**

33

Carmell v. Texas, 529 U.S. 513, 531 (2000).
Miller v. Florida, 482 U.S. 423, 430 (1987).
Cummings v. Missouri, 71 U.S. 277 (1866) ("the state cannot ... inflict a punishment for a past act which was not punishable when it was committed.").
California Dept. of Corrections v. Morales, 115 S.Ct. 1597 (1995).
Scales v. United States, 367 U.S. 203, 225 (1961)

**DEFENDANT ABDELHALEEM ASHQAR'S
JURY INSTRUCTION NO. 17**

(Advocacy of Violence Protected by First Amendment)

The First Amendment's aim is to preserve a free trade in ideas. Free trade in ideas means free trade in the opportunity to persuade to action, not merely to describe facts.

In fact, the mere advocacy of the use of force or violence does not remove speech from the protection of the First Amendment. Speech advocating the use of force or violation of law is not illegal so long as the speech is not directed at inciting or producing imminent lawless action <u>and</u> is not likely to incite or produce such action. The mere discussions of violence and the abstract teaching of the moral propriety or even moral necessity for a resort to force and violence are not illegal, while preparing a group for violent action and steeling it to such action is illegal.

**AUTHORITY**

<u>N.A.A.C.P. v. Claiborne Hardware Co.</u>, 458 U.S. 886 (1982).
<u>Thomas v. Collins</u>, 323 U.S. 516, 537 (1945).
<u>Bradenburg v. Ohio</u>, 395 U.S. 444 (1969).
<u>Noto v. United States</u>, 367 U.S. 290, 297-98 (1961).

**DEFENDANT ABDELHALEEM ASHQAR'S
JURY INSTRUCTION NO. 18**

(The First Amendment Protects Advocacy Meetings)

The First Amendment guarantees that an individual has a freedom of association. Freedom of association is important in guaranteeing the right of people to make their voices heard on public issues. It is only through collective effort that individuals can make their views known, when, individually, their voices would be faint or lost. As such, the First Amendment protects the practice of persons sharing common views banding together to achieve a common end, whether that end is popular or not. This protection of the banding together and collective expression of persons within the United States to achieve a collective goal is deeply embedded in the American political process.

**AUTHORITY**

N.A.A.C.P. v. Claiborne Hardware Co., 458 U.S. 886, 907-08 (1982).
Citizens Against Rent Control Coalition for Fair Housing v. Berkeley, 454 U.S. 290, 294 (1981).
N.A.A.C.P. v. Alabama ex rel. Patterson, 357 U.S. 449, 460 (1958).

**DEFENDANT ABDELHALEEM ASHQAR'S
JURY INSTRUCTION NO. 19**

(First Amendment Right to Associate Exists Even if Some Members of Group Participated in
Unprotected Conduct)

The right to associate does not lose all constitutional protection merely because some members of the group may have participated in conduct or advocated doctrine that itself is not protected. A defendant cannot be penalized simply for assisting in the conduct of an otherwise lawful meeting of an organization that may advocate unlawful conduct. Peaceable assembly for lawful discussion cannot be made a crime. The holding of meetings for peaceable political action cannot be proscribed. Those who assist in the conduct of such meetings cannot be branded criminals.

**AUTHORITY**

N.A.A.C.P. v. Claiborne Hardware Co., 458 U.S. 886, 907-08 (1982).
De Jonge v. Oregon, 299 U.S. 353, 264 (1937)

**DEFENDANT ABDELHALEEM ASHQAR'S
JURY INSTRUCTION NO. 20**

(Obstruction of Justice - definition of "corruptly")

To act corruptly means to act knowingly and dishonestly with an improper motive or with

an evil or wicked purpose with the specific intent to influence, obstruct, or impede the due

administration of justice.

**AUTHORITY**

Corruptly = improper motive or wicked purpose:
United States v. Jackson, 204 F.Supp.2d 1126 (N.D.Ill. 2002) (holding that in cases where a
failure to testify is charged as an obstruction of justice, the word "corruptly" cannot be read as the
"knowledge-of-consequence principle" where corruptly merely means with the purpose to
obstruct justice).
United States v. Partin, 552 F.2d 621, 641 (5th Cir.), *cert. denied*, 434 U.S. 903 (1977).
United States v. Ryan, 455 F.2d 728, 734 (9th Cir. 1971).
United States v. Haldeman, 559 F.2d 31 115n.229 (D.C. Cir. 1976), *cert. denied,* 431 U.S. 933
(1977).

**DEFENDANT ABDELHALEEM ASHQAR'S
JURY INSTRUCTION NO. 21**

(Coercion)

If defendant Abhelhaleem Hasan Abdelraziq Ashqar engaged in the conduct charged in Counts Four and Five only because he reasonably feared that immediate, serious bodily harm or death would be inflicted upon him or others if he did not engage in the conduct, and he had no reasonable opportunity to avoid the injury, then the defendant is not guilty because he was coerced.

The burden of proof is on the government to prove beyond a reasonable doubt the absence of coercion.