UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  03 CR 978 |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| MUHAMMAD HAMID KHALIL SALAH, | ) | |
| a/k/a "Muhammad Abd Al-'Hamid Salah," | ) | |
| a/k/a "Abu Ahmad," and | ) | |
| ABDELHALEEM HASAN ABDELRAZIQ ASHQAR, | ) | |
| a/k/a "Abu Hasan," | ) | |
| a/k/a "Abu Ali Hasan," | ) | |
| a/k/a "Samir" | ) | |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS
REGARDING RICO FORFEITURE

The United States submits the following proposed jury instructions relating to the criminal

forfeiture allegations in the Second Superseding Indictment.

The government requests that these instructions be given to the jury in the event that

defendant MUHAMMAD HAMID KHALIL SALAH is convicted of Count One of the Second

Superseding Indictment requiring forfeiture.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney


By:     s/ Joseph Ferguson
        JOSEPH FERGUSON
        Assistant United States Attorney

(INSTRUCTION BEFORE FORFEITURE HEARING)
GOVERNMENT'S PROPOSED FORFEITURE INSTRUCTION NO. 1
JURY'S DUTY REGARDING FORFEITURE

Members of the Jury, in view of your verdict that defendant Muhammad Hamid Khalil Salah is guilty of Racketeering conspiracy as charged in Count One, you have one more task to perform before you are discharged.

The law provides that when, as here, a defendant is convicted of violating the RICO statute, he is required to forfeit to the United States the proceeds and properties he has obtained as a result of that criminal conduct, as well as any proceeds or properties which serve as a source of control over the enterprise. The purpose of forfeiture is to insure that no one profits from criminal conduct. So, in this case, since you have found the defendant guilty of Racketeering, you must consider whether the property specified in the indictment is of this character.

I instruct you, however, that your previous finding that the defendant is guilty of a RICO violation are final, conclusive, and binding. Because you are bound by your previous finding that the defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of any RICO violation.

18 U.S.C. § 1963(b)(1) and (2)
Fed. R. Crim. P. 32.2
*Russello v. United States*, 464 U.S. 16 (1983).

GOVERNMENTS PROPOSED FORFEITURE INSTRUCTION NO. 2

(GENERAL FORFEITURE INSTRUCTION)

Members of the jury, under the federal law, any person who is convicted of the offense for which you have found the defendant Muhammad Hamid Khalil Salah guilty in Count One of the Second Superseding Indictment is required to forfeit certain property connected to the illegal conduct. I will explain what specific property may be subject to forfeiture because of the defendant's conviction in a moment, but first, I will give you some general instructions that apply to your consideration of all the forfeiture allegations.

"Forfeiture" in this case means the defendant is to be divested or deprived of his ownership or interest, if any, in property acquired in violation of certain federal laws. The law provides that when, as here, a defendant is convicted of violating the RICO statute, he is required to forfeit the proceeds and property obtained as a result of that criminal conduct as well as any proceeds or property that serve as source of control over the enterprise. Property subject to forfeiture includes real property, and tangible and intangible personal property, such as money, profits, proceeds, rights, privileges, claims and securities. "Interest" in property is the most general term that can be employed to denote a right, claim, title or legal share in something.

So, in this case, since you have found that the defendant is guilty of Count One, you must consider whether the property specified in the Second Superseding Indictment is of this character. In your consideration of the forfeiture allegations, you are instructed that your previous determination that the defendant is guilty of having violated Title 18, United States Code, Section 1962(d) is final and conclusive. You must not seek to discuss or to reconsider the guilt or innocence of the defendant.

Further, all instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, and the necessity of a unanimous verdict, will apply during your supplemental deliberations concerning the forfeiture allegations.

A Special Verdict Form has been prepared for you to indicate whether or not property is subject to forfeiture. Simply place an "X", or check mark, in the space next to the words "Yes" or "No". Once you have completed the Special Verdict Form, it is to be signed and dated by the foreperson. Please return the form to me through the Court Security Officer.

_____

Fed. R. Crim. P. 32.2

*United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576-7 (9th Cir. 1989), *cert. denied*, 100 S.Ct. 3237 (1990) (defines "forfeiture").
*United States v. Martino*, 681 F.2d 952, 954 (5th Cir. 1981), *aff'd  Russello v. United States*, 104 S.Ct. 296 (1983) ("Interest" defined).

### GOVERNMENT'S PROPOSED FORFEITURE INSTRUCTION NO. 3
(BURDEN OF PROOF)

In this phase of the trial, the government has the burden of proving that the defendant's interest in the property listed in the indictment is subject to forfeiture. The government must establish its forfeiture claims by a preponderance of the evidence.

In order for the government to establish by a preponderance of the evidence that property is subject to forfeiture, the government must prove that it is more likely than not that the property is subject to forfeiture based on the racketeering activity. In other words, a preponderance of the evidence, in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that the property is subject to forfeiture.

_____

*Libretti v. United States*, 516 U.S. 29 (1995).

GOVERNMENT'S PROPOSED FORFEITURE INSTRUCTION NO. 4
(RICO FORFEITURE)

Count One of the Indictment charged defendant Mousa Mohammed Abu Marzook, Muhammad Hamid Khalil Salah with violating Title 18, United States Code, Section 1962(d). Since you have determined that the defendant did violate Section 1962(d) as charged in Count One, you must now decide whether certain funds and property are subject to forfeiture, as alleged in the Second Superseding Indictment, under Sections 1963(a)(1), 1963(a)(2), and 1963(a)(3) of Title 18, which provides:

(a) Whoever violates any provision of Section 1962 of this chapter shall...forfeit to the United States...

(1) any interest the person has acquired or maintained in violation of Section 1962; and

(2) any interest in, security of, claims against and property and contractual rights which afford a source of influence over the enterprise that the defendant established, operated, controlled, conducted and participated in the conduct of, in violation of 18 U.S.C. § 1962;

(3) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Section 1962.

By a preponderance of the evidence, you must decide whether defendant Muhammad Hamid Khalil Salah has interests acquired or maintained in violation of Title 18, United States Code, Section 1962; has any interest in, security of, claims against property or contractual rights which afford a source of influence over the enterprise; or whether property constituting and derived from proceeds was obtained, directly or indirectly, by defendant Muhammad Hamid Khalil Salah from racketeering activity, in violation of Title 18, United States Code, Section 1962 for which the defendant has been found guilty as charged in Count One of the Second Superseding Indictment.

The indictment alleges that the following property is subject to forfeiture:

    (a)    Approximately $2,700,000.00;

    (b)    All Funds in Standard Bank & Trust Account No. 5580349268;

    (c)    All Funds in Standard Bank & Trust Account No. 239328806;

    (d)    All Funds in LaSalle Bank, F.S.B. Account No. 022034532; and

    (e)    The residential real property commonly known as 9229 S. Thomas, Bridgeview, Illinois, legally described as follows:

> Lot 5 in Mosque Foundation and Center Area, a Subdivision of Part of the Southeast 1/4 of Section 1, Township 37 North, Range 12, East of the Third Principal Meridian, in Cook County, Illinois. [Permanent Real Estate Index Number: 23-01-404-012.]

---

18 U.S.C. § 1963(a)(1)(2)& (3)
Fed. R. Crim. P. 32.2(b)(4)
*United States v. Martino*, 681 F.2d 952, 954 (5th Cir. 1981), aff'd *Russello v. United States*, 104 S.Ct. 296 (1983)(proceeds acquired)
*United State v. Ginsburg*, 773 F.2d 798, 801, (7th Cir. 1985), *cert.denied*, 475 U.S. 1011) (proceeds forfeitable)
*United States v. Masters*, 924 F.2d 1362, 1368, (7th Cir.1991)
*United States v. Saccoccia,* 58 F.3d 754, 785 (1St Cir. 1995)
*United States v. Tedder*, 403 F.3d 836, 840-841 (7th Cir. 2005)
*United States v. Segal*, 339 F.Supp. 2d 1039 ( N.D.Il. 2004)

GOVERNMENT'S PROPOSED FORFEITURE INSTRUCTION NO. 5

In deciding whether property is subject to forfeiture, you must determine whether the government has established by a preponderance of the evidence that the requisite nexus exists between the property subject to forfeiture and the offense committed by the defendant. Property is "acquired" in violation of Section 1962, if a defendant came to own it as a result of the conduct of which you have found him guilty in Count One, or if he purchased it with proceeds of the illegal conduct. The government need not prove that the racketeering activity was the only reason the property was acquired or maintained. Rather, the government must prove by a preponderance of the evidence that, but-for the racketeering activity, the property or interest would not have been acquired or maintained.

Property is "maintained" in violation of Section 1962 if a defendant kept it by committing the criminal acts in Count One, or if he used proceeds of the illegal acts to keep it. The property interest is acquired or maintained if the proceeds from racketeering activity provided all or some substantial and significant part of the moneys used to acquire or maintain the interest.

The government's right of forfeiture includes the entire amount of property interests and proceeds which were acquired or maintained by a defendant as a result of a pattern of racketeering activity. If the defendant bought the property with proceeds of illegal activity, the property is forfeitable, even if it was never used in connection with any subsequent illegal activity. You are instructed that a defendant's interest in an item of property is to be determined during the time that a defendant committed the act or illicit activity which is a part of the Section 1962 violation. The government's right of forfeiture is not limited to what property or proceeds are left over or unspent now, at the time of conviction. Finally, the property interest is acquired or maintained if the

proceeds from racketeering activity provided all or some substantial and significant part of the moneys used to acquire or maintain the interest.

If you determine that defendant Muhammad Hamid Khalil Salah has acquired or maintained interests in violation of Title 18, United States Code, Section 1962, those interests are subject to forfeiture.

On the other hand, if you determine that defendant Muhammad Hamid Khalil Salah has not acquired or maintained interests in violation of Title 18, United States Code, Section 1962, no interest is subject to forfeiture.

---

Title 18 U.S.C. Section 1963(a)(1)
Fed. R. Crim. P. 32.2 (b)
*United States v. Robilotto*, 828 F.2d 940, 948-49 (2d Cir. 1987)
*United States v. Washington*, 797 F.2d 1461 (9th Cir. 1986)
*United States v. Ginsburg*, 773 F.2d 798, 801 (7th Cir. 1985)
*United States v. Horak*, 833 F.2d 1235, 1243 (7th Cir. 1987)

GOVERNMENT'S PROPOSED FORFEITURE INSTRUCTION NO. 6

When a defendant conducts the affairs of an enterprise in violation of Section 1962, the defendant's interest in the enterprise is subject to forfeiture. The interest in the enterprise is subject to forfeiture even though the enterprise itself may not be tainted by racketeering activity. Further, property and contractual rights which afford a source of influence over the enterprise that a defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962 is subject to forfeiture.

If you determine that the government has established by a preponderance of the evidence that defendant Muhammad Hamid Khalil Salah has any interest in, security of, claims against or property or contractual rights which afford a source of influence over the enterprise that the defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962, those interests are subject to forfeiture.

On the other hand, if you determine that defendant Muhammad Hamid Khalil Salah has no interest in, security of, claims against or property or contractual rights which afford a source of influence over the enterprise that the defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962, no interests are subject to forfeiture.

---------------------

Title 18 U.S.C. Section 1963(a)(2)
Fed. R. Crim. P. 32.2 (b)
*United States v. Zielie*, 734 F.2d 1447, 1459 (11th Cir. 1984)
*United States v. Horak*, 833 F.2d 1235, 1243 (7th Cir. 1987)
*United States v. Stern*, 858 F. 2d 1241, 1249 (7th Cir. 1988)

GOVERNMENT'S PROPOSED FORFEITURE INSTRUCTION NO. 7

Any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of Section 1962, is subject to forfeiture. Property represents proceeds of the racketeering violation when the property derived from the racketeering activity provided the funds, directly or indirectly, to obtain a property interest. In other words, the "proceeds" from a racketeering violation include both the money derived from the violation and any object or property later purchased or maintained with the money. It is your duty to determine whether there is a nexus between the funds or the real property alleged to be subject to forfeiture and the offense charged in Count One.

If you determine that the government has proven by a preponderance of the evidence that defendant Muhammad Hamid Khalil Salah possessed property constituting or derived from proceeds which the defendant obtained, directly or indirectly, from racketeering activity, that property is subject to forfeiture. It does not matter for the purposes of your determination whether the defendant currently has the property.

On the other hand, if you determine that defendant Muhammad Hamid Khalil Salah has no property constituting or derived from proceeds which the defendant obtained, directly or indirectly, from racketeering activity, no property is subject to forfeiture.

_____

Title 18 U.S.C. Section 1963(a)(3)
Fed. R. Crim. P. 32.2(b)
*United States v. Segal*, 339 F.Supp. 2d 1039 ( N.D.Il. 2004)
*United States v. Hurley,* 63 F.3d 1 (1st Cir. 1995)
*United States v. Bloome,* 701 F.Supp.208, 210 (E.D.N.Y. 1991)
*United States v. Tedder*, 403 F.3d 836, 840-841 (7th Cir. 2005);

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

Any money transferred into the United States from a foreign location or out of the United States to a foreign location for the purpose of carrying on a specified unlawful activity becomes proceeds of the racketeering act of international money laundering, in violation of Title 18, United States Code, Section 1956(a)(2), upon any international transfer, without regard to the nature or source of the funds, and upon such international transfer becomes proceeds of racketeering activity subject to forfeiture.

---

18 U.S.C. § 1956(a)(2)(A)

*BCCI, S.A. v. Khalil*, 55 F. Supp. 2d 14 (D.D.C. 1999) (section 1956(a)(2) has no proceeds requirement; it was an offense to send money into the United States to commit a specified unlawful activity)

*United States v. One 1997 E35 Ford Van*, 50 F. Supp. 2d 789 (N.D. Ill. 1999) (sending money into the United States to promote foreign terrorism violates section 1956(a)(2)(A); transferred funds need not be proceeds of prior offense, but become laundered proceeds merely if sent into or out from the United States with the intent to promote a specified unlawful activity).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

I instruct you that your previous determination that the defendant is guilty of the offenses charged in Count One is binding on this part of the proceedings, and you must not discuss or determine anew whether they are guilty or not guilty of Count One.

I further instruct you that what happens to any property that is declared forfeit is exclusively a matter for the court to decide. You should not consider what might happen to the property in determining whether the property is subject to forfeiture. In this connection, you should disregard any claims that other persons may have to the property because those interests will be taken into account by the court at a later time.

---

Title 18, United States Code, Section 1963(l)

Fed. R. Crim. P. 32.2 (c)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA            )
                                    )
    v.                              )       No. 03 CR 978-2
                                    )
MUHAMMAD HAMID KHALIL SALAH,        )       Judge Amy J. St. Eve
a/k/a "Muhammad Abd Al- 'Hamid Salah," )
a/k/a "Abu Ahmad"                   )


FORFEITURE VERDICT FORM REGARDING FORFEITURE

(Place an "X" or file in a number on the appropriate line for each question).

1.    With regard to $1.035 million,

      a.    We, the jury find that the property described above was acquired or
            maintained by defendant MUHAMMAD HAMID KHALIL SALAH by
            virtue of his racketeering activities in violation of 18 U.S.C. § 1962(d).

                                    Yes    _____

                                    No     _____

      b.    We, the jury find that the property described above represents an interest in,
            or property or contractual right of any kind affording a source of influence
            over the enterprise which defendant MUHAMMAD HAMID KHALIL
            SALAH operated, controlled, conducted, and participated in the conduct of,
            as part of the racketeering activity for which he has been found guilty as
            charged in Count One of the Second Superseding Indictment.

                                    Yes    _____

                                    No     _____

      c.    We, the jury find that the defendant MUHAMMAD HAMID KHALIL
            SALAH obtained the above described property, which constitutes proceeds
            or was derived from proceeds the defendant obtained, directly or indirectly,
            from racketeering activity for which he has been found guilty as charged in

Count One of the Second Superseding Indictment.

Yes     _____

No     _____

2.     With regard to the Forfeiture Allegation in the Second Superseding Indictment that all funds in Standard Bank & Trust Account No. 5580349268,

a.     We, the jury, find that the property described above was acquired and maintained by defendant MUHAMMAD HAMID KHALIL SALAH by virtue of his racketeering activities in violation of 18 U.S.C. § 1962(d).

Yes     _____

No     _____

b.     We, the jury, find that the property described above represents an interest in, or property or contractual right of any kind affording a source of influence over the enterprise which defendant MUHAMMAD HAMID KHALIL SALAH operated, controlled, conducted, and participated in the conduct of, as part of the racketeering activity for which he has been found guilty as charged in Count One of the Second Superseding Indictment.

Yes     _____

No     _____

c.     We, the jury find that the defendant MUHAMMAD HAMID KHALIL SALAH obtained the above described property, which constitutes proceeds or was derived from proceeds the defendant obtained, directly or indirectly, from racketeering activity for which he has been found guilty as charged in Count One of the Second Superseding Indictment.

Yes     _____

No     _____

3.     With regard to the Forfeiture Allegation in the Second Superseding Indictment that all funds in Standard Bank & Trust Account No. 239328806,

     a.    We, the jury, find that the property described above was acquired and maintained by defendant MUHAMMAD HAMID KHALIL SALAH by virtue of his racketeering activities in violation of 18 U.S.C. § 1962(d).

                 Yes    _____

                 No    _____

     b.    We, the jury, find that the property described above represents an interest in, or property or contractual right of any kind affording a source of influence over the enterprise which defendant MUHAMMAD HAMID KHALIL SALAH operated, controlled, conducted, and participated in the conduct of, as part of the racketeering activity for which he has been found guilty as charged in Count One of the Second Superseding Indictment.

                 Yes    _____

                 No    _____

     c.    We, the jury find that the defendant MUHAMMAD HAMID KHALIL SALAH obtained the above described property, which constitutes proceeds or was derived from proceeds the defendant obtained, directly or indirectly, from racketeering activity for which he has been found guilty as charged in Count One of the Second Superseding Indictment.

                 Yes    _____

                 No    _____

4.     With regard to the Forfeiture Allegation in the Second Superseding Indictment that all funds in LaSalle Bank, F.S.B. Account No. 022034532,

     a.    We, the jury, find that the property described above was acquired and maintained by defendant MUHAMMAD HAMID KHALIL SALAH by virtue of his racketeering activities in violation of 18 U.S.C. § 1962(d).

                 Yes    _____

                 No    _____

b.    We, the jury, find that the property described above represents an interest in, or property or contractual right of any kind affording a source of influence over the enterprise which defendant MUHAMMAD HAMID KHALIL SALAH operated, controlled, conducted, and participated in the conduct of, as part of the racketeering activity for which he has been found guilty as charged in Count One of the Second Superseding Indictment.

Yes    _____

No    _____

c.    We, the jury find that the defendant MUHAMMAD HAMID KHALIL SALAH obtained the above described property, which constitutes proceeds or was derived from proceeds the defendant obtained, directly or indirectly, from racketeering activity for which he has been found guilty as charged in Count One of the Second Superseding Indictment.

Yes    _____

No    _____

5.  With regard to the Forfeiture Allegation in the Second Superseding Indictment, the real property located at 9229 S. Thomas, Bridgeview, Illinois, and legally described as:

Lot 5 in Mosque Foundation and Center Area, a Subdivision of Part of the Southeast 1/4 of Section 1, Township 37 North, Range 12, East of the Third Principal Meridian, in Cook County, Illinois,

Permanent Real Estate Index Number: 23-01-404-012.

a.    We, the jury, find that the property described above was acquired and maintained by defendant MUHAMMAD HAMID KHALIL SALAH by virtue of his racketeering activities in violation of 18 U.S.C. § 1962(d).

Yes    _____

No    _____

b.    We, the jury find that the property described above represents an interest in, or property or contractual right of any kind affording a source of influence over the enterprise which defendant MUHAMMAD HAMID KHALIL SALAH operated, controlled, conducted, and participated in the conduct of, as part of the racketeering activity for which he has been found guilty as

charged in Count One of the Second Superseding Indictment.

Yes   _____

No    _____

    c.      We, the jury find that the defendant MUHAMMAD HAMID KHALIL SALAH obtained the above described property, which constitutes proceeds or was derived from proceeds the defendant obtained, directly or indirectly, from racketeering activity for which he has been found guilty as charged in Count One of the Second Superseding Indictment.

Yes   _____

No    _____

_____      _____

FOREPERSON

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____

DATE